## Berit Jorgenson v. Johnson Chair Co.

1. ORDINARY CARE—*What is Not an Exercise of.*—A person employed to perform a particular service about a building at night, who ventures into an unfamiliar part of the building, not lighted, and, groping about in the dark, falls down a shaft and is injured, is not exercising ordinary care.

Action for Personal Injuries.—Error to the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed November 19, 1896.

### STATEMENT OF THE CASE.

Plaintiff in error was a servant employed by the defendant corporation to scrub its office floors. The defendant's place of business was located at 225 North Green street, Chicago, fronting west on Green street, the building consisting of five stories, constituting one of the largest chair factories in the country. The first floor above the basement was used as a shipping room and as offices. These offices, five in number, fronted on Green street, a partition of wood and glass separating them from the shipping room. A door opened out of the offices into the shipping room, so that one coming out of the office door would be fronting east. A freight elevator shaft extended from the basement up through the shipping room and the stories above, up and down which shaft an elevator platform plied, as occasion required, in the hoisting and lowering of merchandise. The dimensions of the elevator were six by eight feet. There was no opening or doorway from the shipping room into the elevator shaft, the entire width of the shaft. There was no door, or gate, or guard to the opening from the shipping room into the shaft other than a two-by-four scantling across the whole width of the opening, kept in place by a groove in each end, in which it ran, and was operated up and down by means of a weight attached to a cord. By this contrivance the bar was permitted to descend within

two and one-half or three feet of the shipping room floor, and could be elevated to six and one-half feet above the shipping room floor. The opening into the elevator shaft from the shipping room floor was about thirty feet from the office door, a little to the left. Near to the left side of the elevator was a box in which pieces of cloth, called burlaps, were dumped, an article used in manufacturing and packing chairs and other furniture by defendant. Pieces of burlaps were usually left on the floor near the box. These five offices were used as the business offices of defendant, and were scrubbed every second Monday evening after the business of the day was over.

On the evening of the 9th day of May, 1892, plaintiff in error, at about half past six or seven o'clock, entered the offices by the Green street entrance for the purpose of scrubbing the office floors, a service which she had been performing for the defendant for a period of eighteen months, next previous to that evening. Another woman, by the name of Bergitha Johnson, was also employed by defendant to assist in scrubbing and cleaning the offices, and had been so employed for about six months. The offices were lighted by gas. There was no light in the shipping room on this evening, except such as shone dimly through the office partition windows, and a small gas jet dimly burning over a sink at the right hand of the office door in the shipping room and close up to the partition. By the oral contract of employment, the defendant was to furnish plaintiff with the necessary implements or tools, such as hot water, soap, pails and cloths to scrub and wipe up the floor. Plaintiff in error, after having scrubbed one of the offices, needing more hot water, sent the night watchman for hot water, and also needing rags with which to wipe up and dry the office floor, to obtain some burlaps for that purpose, she went out of the office door to the place where the burlaps were kept, and, she claims, not knowing that there was an elevator shaft ·there, in her endeavor to find burlaps, fell down the elevator shaft, a distance of about twelve feet, striking on the ele-

vator platform which was resting in the basement, receiving the injuries complained of in the declaration.

The negligence alleged in the declaration is, that defendant in error carelessly, wrongfully and negligently permitted the opening into the elevator shaft to be unguarded, unprotected and unlighted, and to remain in a dangerous condition, although it well knew that the servants employed by it to scrub and clean out said rooms, would necessarily be required to be and remain there upon said premises after daylight, and perform the services required of them by artificial light.

The judge of the Circuit Court, at the conclusion of the plaintiff's case, instructed the jury to find for the defendant.

From the judgment entered upon a verdict rendered in pursuance of such instruction, the plaintiff prosecutes a writ of error.

Dow, WALKER & WALKER, attorneys for plaintiff in error.

RICHOLSON, MATSON & DRAKE, attorneys for defendant in error.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

If it had been the practice of the plaintiff to go for burlaps to the box by the side of the elevator shaft, then she knew of the existence of such shaft.

If she had ever before gone to such box, there is in the record nothing to show that the defendant had any reason for thinking that she would do so on the night she was injured, and consequently no notice that it was necessary to guard the shaft so that she could not fall down the same.

The shipping room through which the shaft ran, was not a part of the territory where she worked. It was not lighted at night, and in venturing into this, as she claims, to her unfamiliar part of the building, and groping about in the dark, in a chair factory, the plaintiff was not exercising ordinary care.

The judgment of the Circuit Court is affirmed.