## Dexter E. Kenyon v. Roxanna Hampton.

1. BURDEN OF PROOF—*Is Upon Plaintiff.*—A plaintiff must make out his or her case by a preponderance of the evidence, and in this case the court holds that there was a clear failure in that regard and that the judgment in plaintiff's favor must be reversed.

Assumpsit, for a wrongful discharge. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1897. Reversed and remanded. Opinion filed May 6, 1897.

JESSE HOLDOM, attorney for appellant.

M. L. THACKABERRY, attorney for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This was an action brought by the appellee for the breach of an alleged verbal contract of employment of her by the appellant, for the term of one year from March 5, 1894, at a weekly salary of $25, and resulted in a verdict and judgment for $1,150 in favor of the appellee.

The alleged breach was the subject of a special count, and consisted in a discharge of the appellee at the end of six weeks service, without cause.

Besides denying the contract as alleged, by a plea of the general issue, the appellant pleaded specially that the discharge was for cause.

There was no dispute as to the rate of wages, nor but that appellee was paid in full for the time she worked. Whether the term of employment was for a full year or for the "season" (which lasted until about the first of July), if appellee's services were satisfactory, and as to whether her discharge was justifiable, were the contentions.

Appellee's testimony furnished the only support to her case as to what the contract was. Her testimony was explicit and unequivocal that she was hired for the full term of one year.

Opposed to her testimony was that of the appellant, who testified with equal positiveness that the hiring was for the season only, and not for that long unless her services proved to be satisfactory; and his testimony was supported by that of Mr. Otto Young, the manager of The Fair, in one of the departments of which appellant carried on his business, who testified that appellee came to him with complaints against appellant, and talked about suing appellant for her wages up to July 1st, and told him, in response to his inquiry as to her term of employment, that she was employed for the season ending about the middle of June or first of July.

To another witness appellee stated her contract with appellant as being entirely different from either contention now appearing. If it be said that there were proved circumstances in the case that tended to support appellee's claim, it may be answered that there were as many other proved circumstances that tended quite as strongly to support appellant's version of the contract.

It is a familiar rule that a plaintiff must make out his or her case by a preponderance of the evidence.

In this case there was a clear failure by the appellee in such regard, and we are bound to hold that the verdict was so manifestly against the preponderance of the evidence as to require us to reverse the judgment. Peaselee v. Glass, 61 Ill. 94.

The appellee does not claim under any other contract than the one for a full year, as set forth in her declaration, and having failed to sustain the existence of any such contract, she had no right to any recovery for its breach, no matter whether she was rightfully or wrongfully discharged. Her whole claim is for the breach of a contract that she failed to prove.

The judgment is reversed and the cause remanded.