### Elmer E. Hartzell v. Thomas H. Murray.

#### Gen. No. 12,601.

1. PREPONDERANCE OF EVIDENCE—*when jury warranted in finding that plaintiff has failed to make case by a.* In an action of assumpsit where the testimony is given solely by the party plaintiff and the party defendant, and is irreconcilable, the jury is justified in determining that the plaintiff has failed to make out his case by a preponderance of the evidence.

2. EVIDENCE—*admission of immaterial, not ground for reversal.* Where a fact is uncontroverted, the admission of evidence tending to establish the same is not ground for reversal, even though such fact be immaterial.

3. CROSS-EXAMINATION—*when too late to complain of refusal of*

Hartzell v. Murray.

witness to answer questions upon. If a witness fails upon cross-examination to answer questions put to him, it is the duty of counsel to call upon the trial judge to enforce such answers, and failing so to do, complaint cannot be urged upon appeal because of such failure to answer.

4. EXCEPTION—*essential to preserve for review conduct of witness and juror*. An exception should be entered in order to preserve for review the question of the impropriety, as ground for reversal, of a remark made by a witness and an answer given thereto by a juror during the progress of the trial.

Action of assumpsit. Appeal from the Circuit Court of Cook County; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the October term, 1905. Affirmed. Opinion filed July 2, 1906.

**Statement of the Case.** This is an action of assumpsit brought by appellant against appellee to recover $1,500 claimed to have been loaned by Hartzell to Murray in April, 1893.

The declaration consists of the common counts, to which was interposed a plea of the general issue and a special plea averring that a partnership existed between Hartzell and Murray at the time of the alleged loan, which to the time of the filing of the plea had not been dissolved, and that there had been no settlement of their partnership accounts; also denying that appellant loaned the $1,500 claimed, and that if there was any sum due to appellant from appellee it is involved in the partnership accounts and can only be ascertained by an accounting in a court of equity. Appellant replied to this special plea that the $1,500 claimed did not arise out of the partnership, but was a separate debt. On this issue a trial was had before the court and a jury, resulting in a verdict for appellee and a judgment against appellant for costs.

GEORGE W. BROWN and JOHN H. HUME, for appellant.

W. A. FOSTER, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

That the partnership averred in the special plea existed in 1893 at the time of the transaction in dispute is con-

ceded by the parties; that no settlement of the partnership accounts has been had is likewise admitted, and that no accounting is possible is equally apparent from the testimony of appellant, that the partnership account books were in the year 1896 destroyed by fire.

Appellant Hartzell claims that the partnership being in need of money to run their hotel enterprise, he went to New York and borrowed $3,000, which he deposited in the Illinois National Bank to the credit of Elmer E. Hartzell & Company, May 13, 1893, in which name he then opened an account. Hartzell admits that Murray could not check on that account, as his signature had not been left at the bank, but claims that all the money was used in the hotel part of the partnership project. Hartzell further insists that before borrowing the $3,000 he talked with Murray and explained the necessity for additional capital, and asked him to contribute some of the needed money, which Murray said he was unable to do; that when Hartzell returned with the $3,000 from New York he informed Murray, who acquiesced in what had been done and promised to pay Hartzell $1,500 as his share. Murray denies these statements of Hartzell and adduces circumstances in rebuttal of Hartzell's claim that he owed him $1,500 in April, 1890, by showing that in the following month of June Hartzell paid Murray $600 and gave him a receipt for $1,470.30, making in all $2,070.30, or nearly $600 more than Hartzell claimed Murray then owed him; that on neither of the occasions of paying the money or giving the receipt did Hartzell say anything to Murray about the $1,500 loan which he now claims.

The parties themselves were the only witnesses. Their evidence is totally irreconcilable. The jury were warranted in finding the issues for the defendant if for no other reason than appellant had failed to make out his case by a preponderance of the evidence, which, under well settled elementary legal principles, it was incumbent upon him to do. Kenyon v. Hampton, 70 Ill. App. 80; Peaslee v. Glass, 61 Ill. 94.

Appellant insists that the admission of the articles of partnership and all oral evidence in relation to the partnership was immaterial to the issue joined, and that its admission tended to mislead the jury and to divert their attention from the pertinent facts in the case. Surely when a fact is not controverted, evidence received as proof thereof can hardly be regarded as prejudicial error, even if such proofs were superfluous. There is no force in this objection.

Complaint is made of a refusal of Murray to answer questions on cross-examination, and to a "flood of talk" by Murray when on the witness stand; also to an alleged exhilaration on the part of Murray at the time of giving his testimony, but a careful examination of Murray's evidence fails to disclose any exhilaration of an objectionable character, discrediting in any way his testimony. He was somewhat loquacious in his answers to questions of counsel, but none of a prejudical character to which exceptions have been preserved justifying a reversal. If Murray refused to answer questions put to him on cross-examination, it was the duty of counsel to press for an answer, and on failing, to call upon the court to instruct the witness to answer. No such course was pursued, and it is too late now to complain. The conduct of the witness in this respect has been condoned. We are not prepared to say that a remark by a witness, a party to the suit, like that made to the jury by Murray on leaving the witness stand, "Did you ever see a better witness?" and receiving a negative response from a juror, and in whose favor the jury afterwards returned a verdict, would not be such flagrant and unjustifiable conduct as to merit a reversal, if an exception to such conduct appeared in the record as taken at the time of the occurrence. Neither objection or exception was made or preserved to this action of Murray, consequently as a matter of law it is not before us for review. We do not wish, however, to be understood as putting the sanction of our approval upon such conduct.

We have examined the instructions complained of, and do not find any incorrect principles of law stated in them.

In effect the jury were instructed that appellant (plaintiff) must make out and establish his case by a preponderance or greater weight of the evidence, and that before appellant is entitled to recover the jury must believe from the evidence that the money claimed as a loan to appellee was in the nature of a direct loan, and not an advancement in furtherance of the partnership, and if they further believe from the evidence and the surrounding circumstances disclosed by the evidence that the $3,000 furnished by appellant was used in the partnership business, for his portion of which appellee might be liable in a partnership accounting, yet under the pleadings, appellant cannot recover unless he had by a preponderance of the evidence established the fact that one-half of said $3,000 was a direct loan to appellee disconnected from the general conduct of the partnership business. These instructions recognize the principle that money furnished one partner by another to enable the former to meet his obligation to the firm is a personal debt, and that suit will lie at law to recover it.

But the whole question here was not that the money was advanced to the partnership business, but that one-half of the $3,000 was loaned to appellee and that he promised to repay it to appellant. If the evidence had so established to the satisfaction of the jury, then appellant would have been entitled to prevail. Appellee, however, denied the making of the loan, the promise to pay, or that he was in any other way indebted to appellant, and the jury acted upon his version of the matter. . These were questions of fact for the jury to determine, and their finding, unless manifestly against the weight of the evidence, will not be disturbed on review.

The facts of this case are entirely dissimilar to those in Venning v. Leckie, 13 East. 7. There two persons agreed to buy certain flax as partners, and did so, the whole price being paid by one of the partners to the transaction. It

was held that an action could be maintained at law by the partner who had paid for the flax against the non-paying partner for his moiety, irrespective of the fact that there might subsequently be an accounting between the partners in a court of equity in relation to that venture. Neither on fact nor legal principle is this case analogous.

In Berry v. DeBruyn, 77 Ill. App. 359, a question akin to the one here involved was before this court, which held that while as a general rule an action at law will not lie by one partner against another for matters arising out of the partnership, the exceptions to this general rule consist of cases where separate and distinct security or negotiable instruments are given by one partner to another, in which cases an action at law is maintainable. The claim of appellant does not lie within the lines of these exceptions.

In Sturges v. Smith, 32 Miss. 240, it was held that one partner might sue his copartner at law on a note obligation or even an account stated, ascertaining the sum due, as the object of going into equity is to settle matters in dispute between the partners about which they do not agree. To give a court of law jurisdiction the claim must be disconnected from the partnership and not a partnership obligation involving an examination of the partnership accounts. Here there is a dispute which cannot be settled without an examination of the firm books, and they have been burned.

Appellant averred in his replication to appellee's special plea that the money claimed did not arise out of the partnership, but was a separate debt. Therefore he assumed the burden of their proof as affirmative facts, and failed. Crater v. Benninger, 45 N. Y. 546; Ryder v. Wilcox, 103 Mass. 27.

The instructions complained of did no violence to these legal principles, but announced correct principles of law governing the case.

Neither in the admission of evidence nor the giving of the instructions criticised by appellant was there error, and the judgment of the Circuit Court is affirmed.

*Affirmed.*