### Henry Wolf v. Thomas F. Scully and Joseph C. Rafferty.

#### Gen. No. 13,453.

MUNICIPAL COURT—*when objection in, not essential to review judgment of.*  Prior to the amendment of 1907, no exception or objection to the judgment of the court was essential to review a judgment entered by the Municipal Court.

Assumpsit.  Error to the Municipal Court of Chicago; the Hon. JOHN C. SCOVEL, Judge, presiding.  Heard in this court at the March term, 1907.  Reversed and remanded.  Opinion filed October 28, 1907.

WILLIAM A. SCHONFELD, for plaintiff in error.

WILLIAM A. CUNNEA, for defendants in error.

MR. JUSTICE BROWN delivered the opinion of the court.

This writ of error to the Municipal Court is to reverse a judgment for $510 rendered against the plaintiff in error by a judge in the Municipal Court of Chicago sitting without a jury.

The case was of the fourth class, and the amended bill of particulars on which the case was tried was as follows:

"Henry Wolf,
　　　　　To Scully and Rafferty, Dr.

July 30, 1906.  To commissions on sale of property known as 542-544-546 W. 12th street, Chicago, the purchasers of said property at said sale having been secured through the agency of said Scully & Rafferty under verbal agreement of said agency entered into between said Henry Wolf and Charles Silverstein rep-

resenting the firm of Scully & Rafferty, plaintiffs herein, being 2½% of purchase price of $20,500—$512.50.''

After judgment the statutory bond was given by defendant and a writ of error sued out of this court by him. A *supersedeas* was allowed on application, and the cause is now before us for final disposition.

The contention is made by the defendant in error that no objection nor exception being taken to the entry of the judgment and shown by the bill of exceptions, the finding and judgment cannot be assigned for error, and there is nothing for this court to do upon the record except to affirm the judgment.

As authority for this the case of The People *ex rel.* v. The Chicago & Northwestern Railway Company, 200 Ill. 289, is cited. That case involved an appeal from the County Court of Kane county, and was governed by the provisions of the Practice Act as construed and interpreted by the Supreme Court. But neither the statutory provision nor the rulings on it relied on in that case governs this one—which, as we have noted, is a writ of error to the Municipal Court in a case of the fourth class in that court. As such it is governed by section 23 of ''An Act in relation to a Municipal Court in the City of Chicago,'' approved May 18, 1905, as that section stood when this cause was tried in the Municipal Court and this writ of error sued out. The act has since been amended and the amendment has been accepted by the people. Before that amendment, the section provided that no exception to the rulings and decisions of the Municipal Court upon the trial should be necessary to the right of either party to a review of such rulings in the Supreme Court or Appellate Court upon their merits, but it should be the duty of the Supreme Court or the Appellate Court, as the case might be, to decide such case upon its merits as they might appear from the statement of stenographic report signed by the judge, as provided for in the same section. No bill of

exceptions *eo nomine* is necessary, and before the amendment of 1907 no objection even, to the action of the trial court, was necessary to secure a review. We need not, therefore, decide whether an objection to the entry of the judgment is not sufficiently shown in this case by the motion shown by the record to have been made before the Municipal Court to set it aside and grant a new trial, and the immediate filing of a stay bond and signifying the intention to sue out a writ of error from this court.

The statute requires us to decide this case upon its merits as they appear from "the stenographic report signed by the judge," which in this case bears the name of "a bill of exceptions."

We have decided that of the evidence so shown the clear weight is in favor of the defendant, and that the finding and judgment of the Municipal Court is therefore against it.

As we have determined to remand the cause to the Municipal Court for a new trial, it would be useless and undesirable to discuss the evidence. It is sufficient to say that the question involved is not one of law; it is of fact.

There is no dispute that if a real estate agent employed by a would-be seller "procures a customer who is ready, willing and able to complete the purchase, and with whom the seller has entered into a valid contract, he has earned his commission"; but there is a grave dispute—on which, it seems to us, on a careful reading of the testimony in this record, the defendant has the clear weight of evidence on his side—whether in this case the plaintiffs were employed by the seller or the purchaser was procured by them or their representative.

The judgment is reversed and the cause remanded to the Municipal Court for a new trial.

*Reversed and remanded.*