George Siegmund, Defendant in Error, v. J. W. Strackbein and Mrs. J. W. Strackbein, Plaintiffs in Error.

Gen. No. 13,739.

1. APPEALS AND ERRORS—*when exceptions not essential to review.* Exceptions are not essential to review the rulings of the judges of the Municipal Court.

Siegmund v. Strackbein.

2. APPEALS AND ERRORS—*when motion for new trial not essential to review.* No motion for a new trial is necessary in the common law courts of this state where the trial is by the court without a jury; it is only essential that an exception appear to the judgment in order that its propriety may be considered upon appeal.

3. PRACTICE—*when propositions of law need not be presented.* The presentation of propositions of law is not essential to preserve for review the merits of a controversy tried by a municipal court judge without the intervention of a jury.

4. PREPONDERANCE OF EVIDENCE—*what does not constitute.* An affirmative statement, met with a flat and categorical denial by an equally credible witness, does not constitute that *quantum* of affirmative proof which the law requires to sustain a judgment.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. JOHN C. SCOVEL, Judge, presiding. Heard in this court at the October term, 1907. Reversed. Opinion filed April 6, 1908.

MICHAEL D. DOLAN, for plaintiffs in error.

ALBERT J. W. APPELL, for defendant in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

The writ of error sued out in this cause brings to this court for review a judgment of the Municipal Court for $90. The right to a trial by jury the parties waived.

We are first confronted with a motion made by defendant in error to dismiss the writ of error because, it is claimed, naught is presented by the record calling for our review. This contention is predicated upon the fact that neither motion for a new trial nor exceptions to the finding and decision of the court was made, and that no propositions of law were submitted to the trial court.

In the first place, by subdivision 8 of section 23 of the Municipal Court Act, it is provided *inter alia,* "nor shall any exceptions to the rulings and decisions of the Municipal Court upon the trial be necessary to the right of either party to a review of such rulings and

decisions in the Supreme Court or Appellate Court upon their merits." Nevertheless, in the bill of exceptions found in the record an exception appears to the action of the court in entering judgment.

No motion for a new trial is necessary in the common law courts of this state where the trial is by the court without a jury. Numerous decisions may be found in the state reports holding in effect that where a jury is waived and the cause is tried by the court alone, no motion for a new trial is required; that in such case, legal requirements for a review are fully met when the bill of exceptions shows that the defendant excepted to the judgment rendered by the court in favor of the plaintiff. Niagara Fire Ins. Co. v. Forehand, 169 Ill. 626; Sands v. Kagey, 150 *ibid.* 109; Guyer v. D. R. I. & N. W. Ry. Co., 196 *ibid.* 370.

Even if the Municipal Court Act does make it unnecessary, as a *sine qua non* to a review on error upon the merits of the cause, that a motion for a new trial be made in the Municipal Court, yet the record is unquestionably in condition, with an exception to the entry of the judgment found in it, to call for our review of the merits on the errors assigned.

So far as the absence of propositions of law is concerned, it is patent that no such legal questions were involved that in any manner necessitated the submission of propositions to test the legal principle which the trial judge applied to the facts as he interpreted them from the evidence. As the Municipal Court Act makes it our duty to decide cases coming to us from it upon their merits, it follows that in so doing we are at least impliedly, if not expressly, invested with authority to decide the merits by the application of controlling legal principles to the facts.

The motion, therefore, to dismiss the writ of error is denied.

Plaintiff below rests his claim for the price of a "runabout" and accompanying furnishings, which he says he sold to Mrs. Strackbein for $90. On the con-

tention that this buggy was a necessary family expense under section 15, chap. 68, R. S., he joins the husband as party defendant with the wife. Defendant in error's claim is supported by his own testimony only, every material element of which is denied by Mrs. Strackbein. In support of her defense Mrs. Strackbein is the only witness, and testifies that the "runabout" which she returned was loaned to her temporarily by defendant in error because he was unable to furnish her with a "Columbus Wagon," which she wanted, and which he promised to soon procure. Mrs. Strackbein further testifies that the "runabout" was a second-hand one, that its shafts were damaged, and that while driving the "runabout" over Rush street bridge the shafts broke; that afterwards she requested Siegmund to send for the "runabout" and take it back, which, he failing to do, she returned it herself.

There are circumstances appearing in this testimony which detract somewhat from the probative force of Siegmund's evidence and impels us to the opinion that the story of Mrs. Strackbein is the more probable of the two. But aside from our view of the reliability of the evidence given in support of the opposing theories, it is clear that defendant in error has failed to comply with the elementary principle of law which compels the party having the affirmative to maintain and establish it by a preponderance of the evidence. The writing of letters and sending of bills demanding payment for the "runabout" add no probative force to the primal claim that a sale of the "runabout" was made to Mrs. Strackbein. No inferences supporting a contract of sale can be extracted from these acts done by defendant in error. An affirmative statement, met with a flat and categorical denial by an equally credible witness, does not constitute that *quantum* of affirmative proof which the law requires to sustain a judgment. Broughton v. Smart, 59 Ill. 440. And as the court say in Kenyon v. Hampton, 70 Ill. App. 80, so say we here: "It is a familiar rule that a plaintiff

must make out his or her case by a preponderance of the evidence. In this case there was a clear failure by the appellee in such regard, and we are bound to hold that the verdict was so manifestly against the preponderance of the evidence as to require us to reverse the judgment."

So far as the husband of Mrs. Strackbein is involved, there is no evidence in the remotest degree tending to show that the "runabout" was such a necessary family expense as to make him jointly liable with his wife for the debt claimed to have been contracted in its purchase, under chapter 68, R. S., *supra*.

There being no evidence in this record sufficient to establish the claim of defendant in error against the plaintiffs in error, the judgment of the Municipal Court is reversed, with a finding here of the issues in favor of plaintiffs in error, this being such an order as the Municipal Court ought, in our judgment, to have entered. This finding is entered in conformity with the directions of subdivision 7 of section 23 of the Municipal Court Act.

*Reversed.*