**Henry Wolf, Plaintiff in Error, v. Thomas F. Scully et al., Defendants in Error.**

**Gen. No. 14,647.**

APPEALS AND ERRORS—*when finding by court set aside as against the evidence.* The finding of a court will be set aside as against the evidence if manifestly against its weight.

*Assumpsit.* Error to the Municipal Court of Chicago; the Hon. MCKENZIE CLELAND, Judge, presiding. Heard in this court at the October term, 1908. Reversed and judgment here. Opinion filed November 8, 1909. Rehearing denied November 22, 1909.

WILLIAM A. SCHONFELD, for plaintiff in error.

WILLIAM A. CUNNEA, for defendants in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

For the second time this cause is before the court for review on a judgment against plaintiff in error for $510, the amount of the first judgment, which this court reversed, as being contrary to the manifest weight of the evidence, being for the same amount. Wolf v. Scully, 137 Ill. App. 87. The first trial was before the court with a jury, and the judgment in the cause before us was rendered by the court without the intervention of a jury. Plaintiffs' claim is for commissons on the sale of certain real estate of defendant, of which sale they insist they were the efficient and procuring cause.

In the first instance it devolved upon plaintiffs to prove by a preponderance of the evidence that they were authorized to act as agents of defendant in the sale of his property. As between Silverstein and defendant, who swear in diametrical opposition to each other, there cannot be said to be any preponderance one way or the other, nor are there any facts or circumstances in proof which lend, on this point, any corroboration or support to Silverstein. On the other hand there are several circumstances, developed by the evidence, which tend to sustain defendant's denial. Plaintiffs make no pretense that they personally took any part either in the way of procuring authority to act for defendant or in conducting any negotiations looking toward a sale. Whatever was done was through the witness Silverstein, who, it is contended, was acting as plaintiffs' representative. Neither plaintiffs nor Silverstein had any knowledge of the sale until after it was made, and all the parties directly interested deny that Silverstein at any time called their attention to the property or offered to sell it to them, or told them that it could be bought. Neither Goldberg nor Miller.

the purchasers, are financially interested in the result of the suit, but plaintiffs and Silverstein are interested for the reason that whatever amount can be recovered will be shared between them. So it is plain that Goldberg and Miller are disinterested, while Silverstein is directly interested. Consequently no reason exists for crediting Silverstein and discrediting defendant's disinterested witnesses.

The questions here involved are all of fact. Have plaintiffs made out their case by a preponderance of the proofs, is the crucial and decisive question. On careful consideration of all the evidence we have concluded, as on the first review, that this primal requisite to warrant a recovery is lacking, and that the judgment is against the manifest weight of the proofs. It therefore becomes our duty to reverse the judgment of the Municipal Court and, responding to the mandate of the Municipal Court Act, we enter the judgment here which, in our opinion, the court below should have entered, which is a finding and judgment for the plaintiff in error, the defendant below.

The judgment of the Municipal Court is reversed and a finding and judgment for defendant is entered here.

*Reversed and judgment here.*