## Mary A. Brady, Defendant in Error, v. F. F. Chaffee, Plain= tiff in Error.

## Gen. No. 15,805.

EVIDENCE—*what does not constitute preponderance.* An affirmative statement by one witness met by a flat categorical denial by another of equal credibility, does not meet the requirement of the law that the plaintiff must make out his or her case by a preponderance of the evidence.

Error to the Municipal Court of Chicago; the Hon. MAX EBERHARDT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Reversed and remanded. Opinion filed October 4, 1911.

GALE BLOCKI, for plaintiff in error.

J. S. REYNOLDS, for defendant in error.

MR. JUSTICE GRAVES delivered the opinion of the court.

This is an action for slander; the judgment was for the plaintiff (defendant in error) for $200. Plaintiff in error is a doctor. Defendant in error is an under graduate nurse who had nursed two cases for plaintiff in error, and had been recommended by him in other cases. During their association as doctor and nurse, her conduct was that of a lady, and his conduct was that of a gentleman, and up to the moment when it is alleged that he spoke the slanderous words, there had never been a word of disagreement or a feeling of ill will between them. The last case defendant in error had nursed for plaintiff in error was in November, 1908.

The parties themselves are the only witnesses in the case. Defendant in error testifies that on January 6, 1909, at 12:45 P. M., she met plaintiff in error on 63rd street between Monroe and Madison avenues, Chicago; that it was one of the coldest days, if not the coldest day, of that winter; that she said to him, "How do you do, doctor?" and bowed; that he replied, "You are a nice whore, you are an Irish whore, Jimmie Finn's whore;" that he repeated these words three times; that he stood there addressing these words to her for a "couple of minutes;" that while he was so addressing her, five men passed by, two going one way and three going the other; that when these men passed where the plaintiff in error was using the language, they were "all in a bunch" about a foot apart; that

these men did not stop, but after they had passed, some of them turned and looked back. Plaintiff in error testified that he did not meet defendant in error at the time and place testified to by her; that he did not use the language attributed to him by her, or anything like it, then or at any other time or place; that he did not see her on the 6th day of January, 1909, at all; that he was not at the place that day, where she testified the conversation took place; that his habit was to be at his home for lunch from twelve o'clock M. to one o'clock P. M. each day; that he was always at lunch at that time, unless kept away by an emergency case; that he thought he was at lunch as usual that day, although he based his testimony in that regard chiefly on his habit; that January 6, 1909, was a very busy day for him; that eighteen visits were shown on his day book for that day, half of which were outside visits; that none of the visits made by him that day necessitated his passing the point where the slanderous words are said to have been spoken; that he would be going out of his way to reach that point, either in going to lunch or visiting the patients he visited that day; that he knew nothing about the personal life or morals of defendant in error; that he had always supposed she was a pure woman, and did not know, and had never heard anything to the contrary, and would have given her a case the very day this suit was brought, if a suitable case had presented itself; that he did not know anyone by the name of ''Jimmie'' Finn; that he knew a man by the name of Finn, but did not know whether his name was Jimmie or not, and did not know whether the Mr. Finn he knew, knew defendant in error or not.

It is insisted by plaintiff in error that the evidence of defendant in error falls far short of amounting to the preponderance of the evidence necessary to entitle her to recover; that the plaintiff in error is, to say the least, of equal credibility with defendant in error; that

the story told by plaintiff in error is reasonable and worthy of belief, while the story told by defendant in error is unreasonable and unworthy of credence.

Defendant in error reverses these contentions, and, in addition, insists that it is peculiarly the province of the jury to weigh the testimony and pass upon the credit each of the witnesses is entitled to receive; that the jury, having performed that duty, and having returned a verdict finding the plaintiff in error guilty, and the court who heard the case and who had the advantage of seeing the witnesses and hearing them testify, having entered a judgment on the verdict, this court ought not to set that judgment aside as being contrary to the weight of the evidence.

The testimony of the parties to this case is in flat contradiction on the material issues of the case. There is no room for construction and no chance to harmonize it.   One has testified to the truth and the other has not.   Each had equal means of knowing the facts about which they testified.   They were equally interested in the result of the suit.   Neither was impeached and they stood before the court equal in character.   There is but one means by which this court can judge of their comparative credibility, and that is the well known test of the reasonableness of their stories.    Measured by that test, we are forced to the conclusion that the story told by the plaintiff in error is the more reasonable.   The story told by defendant in error, that, upon her politely greeting plaintiff in error, he should, without motive, provocation, justification, or excuse, and in the vilest terms, denounce her as a woman of the lowest character to which her sex can fall, is so inherently improbable as to weigh heavily against her credibility.

On the other hand, the story of plaintiff in error is told in an apparently candid, manly way.   While not over stated, it is positive and to the point, as to facts within his knowledge, and as to such facts as he had no positive recollection about, he frankly says he

246     APPELLATE COURTS OF ILLINOIS.

Wieboldt v. B. Brew. Co., 163 Ill. App. 246.

bases his conclusions upon his custom and on his memoranda. There is nothing in his testimony that leaves the impression of falsity.

Assuming the two witnesses to be of equal credibility, it would still be necessary to reverse this case. An affirmative statement by one witness, met by a flat categorical denial by another, of equal credibility, does not meet the elementary requirement of the law that a plaintiff must make out his or her case by a preponderance of the evidence. Broughton v. Smart, 59 Ill. 440; Kenyon v. Hampton, 70 Ill. App. 80; Siegmund v. Strackbein, 140 Ill. App. 454.

The defendant in error, not having proven her case by a preponderance of the evidence, and the verdict being against the decided weight of the evidence, it is the duty of this court to reverse the judgment and remand the cause. I. C. R. R. Co. v. Haecker, 110 Ill. App. 102; C. & A. R. R. Co. v. Heinrich, 157 Ill. 388; C. & E. R. R. Co. v. Meech, 163 Ill. 308.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*