# John Heide, Appellee, v. Albert E. Schubert, Appellant.

## Gen. No. 15,920.

1. TRIAL—*what memorandum cannot be used in argument to jury.*
Upon objection made the court should not permit the reading from a
stenographic report of the testimony nor from any memorandum or
report made of it during the trial.

2. TRIAL—*when reading from stenographic report not improper.* If
counsel has read from memoranda purporting to contain a statement
made by a witness, opposing counsel may, for purposes of contradiction,
read from the stenographic report the testimony of such witness.

3. VERDICTS—*when set aside as against the evidence.* The Appellate
Court should reverse a judgment where it appears that the verdict
upon which the judgment is based is against the clear weight and pre-
ponderance of the evidence. The test is that the judgment should be
reversed when it is clear that the party holding the burden of proof has
not established his case by a preponderance of the evidence.

4. VERDICTS—*when preponderance required of plaintiff not estab-
lished.* Where the uncorroborated testimony of the plaintiff is directly
contradicted by the testimony of the defendant and two other witnesses
in a material matter, the judgment cannot stand, for, under such condi-
tions, the plaintiff fails to make out his cause by such preponderance of
evidence as the law requires.

5. PERSONAL INJURIES—*what essential to recover.* In order to re-
cover for personal injuries it must appear that the plaintiff at the time
and immediately before the accident was in the exercise of ordinary
care for his own safety.

Action in case for personal injuries. Appeal from the Superior Court
of Cook county; the Hon. HENRY V. FREEMAN, Judge, presiding.
Heard in the Branch Appellate Court at the October term, 1909. Re-
versed with finding of fact. Opinion filed January 16, 1912, on re-
hearing.

JOHN R. PHILP and W. S. JOHNSON, for appellant.

McGOORTY & POLLOCK, for appellee.

MR. PRESIDING JUSTICE BALDWIN delivered the opin-
ion of the court.

This is an appeal from a judgment for $1,000 in favor of appellee, in a suit for personal injuries brought in the Superior Court of Cook county by John Heide (appellee), against Albert E. Schubert (appellant), based upon an injury received by appellee on the 27th day of January, 1904, by falling through a coal hole, upon the premises of appellant.

It appears that appellant was conducting a saloon located on Cottage Grove avenue and Sixty-third street; that upon the back porch of said saloon there was an upright door, leading through a partition, the entrance and opening into the coal hole. This partition, in which the door was located, was under a stairway that came down from the second story of the building to this back porch. Inside the stairway, at its sill, there was a strip of flooring about fifteen inches wide extending out over the coal hole to that extent, the remainder of the coal hole being left uncovered; and when the coal was to be put into the basement of the building, the door was opened and the coal thrown in and down through this opening. Just inside of the upright door (which was of the size of an ordinary door), and on the wall of the building, there was an electric switch, which controlled an electric sign over the side entrance to the saloon. There was also an electric meter just inside the door, from which the employes of the Electric Light Company took its readings. The electric switch was near enough to the door so that it was not necessary to go inside to turn it on. When not in use the door was kept closed and locked with a padlock, and the key kept in the pocket of the appellant. This key was necessary whenever the door was to be opened, which was only when the switch was to be turned on for the purpose of illuminating the electric sign at the side entrance, and also when the meter was to be read by the employes of the Electric Light Company, as well as when coal was delivered at the premises. The coal hole was so situated

that coal thrown into it would fall within a few feet of the furnace. The distance from the opening in the floor to the bottom of the coal hole was about six feet. Between the coal hole and the furnace there was a stone partition in the basement, in which there were two openings, one of which was about one and one-half feet from the furnace. The coal in the basement was shoveled from this latter opening directly into the furnace.

Heide had been employed as bartender for appellant for about five months prior to the date of the accident. In the discharge of his duties he was frequently in and out of the family room, and out on this back porch, and it appears that during the five months he repeatedly saw this door which opened into the coal hole.

Appellee's testimony upon the trial was to the effect that on the evening in question he was directed by appellant to turn on the electric light, and that appellant then handed him a key with which to unlock the padlock on the door; that this occurred while appellant was sitting at a table in the saloon; that appellee never knew what the door was for; that, in going to turn on the lights he walked through the saloon and out upon the back porch, where there were no lights and where he says he had never been before; that with the key which appellant handed him he unlocked the door, opened it, and felt around to find the switch; that in trying to find it he took a step inside and fell down into the coal hole, and received severe injuries.

We are asked to reverse the judgment in this case upon several grounds; principally upon the ground that the verdict of the jury is against the clear weight and preponderance of the evidence, upon the question of the negligence of the defendant, and whether the plaintiff was at the time of the accident in the exercise of ordinary care for his own safety. It is also com-

plained that the court below erred in permitting the attorney for appellee to read from a stenographic report of a portion of the testimony while making his argument to the jury; and also that the amount of damages is excessive.

Considering these contentions in their reverse order, we are of the opinion that upon the testimony offered for the plaintiff, the injuries received justified a verdict for the amount fixed by the jury if appellant was liable for the accident.

As to the alleged error on the part of the court in permitting the attorney for appellee to read to the jury from a stenographic report of the testimony while making his argument, we think the contention is without substantial merit.   It is undoubtedly true that, upon objection made, the court should not permit the reading from a stenographic report of the testimony, nor from any other memoranda or report made of it during the trial.   In this case, however, it appears that only a small portion of the testimony was thus read, and that even this was done because appellant's attorney, while addressing the jury, himself read to it what he claimed to have written down as a statement of a witness at the time it was given, whereupon counsel for appellee read from the stenographic report of the evidence a portion of the testimony of the same witness. Of this the appellant may not now complain.

The principal contention of appellant that the verdict is against the manifest weight of the evidence is a far more serious proposition.   The declaration charged negligence on the part of appellant in that while he was the owner and occupier of the premises in question with the coal hole underneath the stairway, and knowing that the plaintiff was not familiar with it, that he did then and there wrongfully permit the hole to be and remain without any covering whatsoever; that to operate the switch controlling the electric light was outside the employment of appellee, and that

he had never been told or had any knowledge that the hole underneath the stairway was uncovered, notwithstanding which he was given the key to the door by appellant, and directed to turn on the electric light, without being informed as to the hole, and that in attempting to do as directed he stepped into the coal hole and was seriously injured.

From the testimony it appears that appellee had been employed as bartender, with general duties about the premises, for five or six months prior to the accident, and it does not affirmatively appear that appellee had ever theretofore turned on the electric switch.

From appellee's testimony it appears it was not his duty to turn it on. As to whether or not he was then directed to turn it on by appellant, there is a direct conflict in the testimony. Appellee testified: "In the rear of the house there was an electric sign, which shows ladies entrance. It wasn't lit yet, so I called Mr. Schubert's attention to it, and Mr. Schubert handed me a key and told me to go out and turn on the lights. * * * I went out, tried to turn them on. I unlocked the door, stepped in and felt around with my left hand, and when I was stepping down I went in on the coal. I had never been there before."

Opposed to this testimony of appellee is the testimony of Schubert, appellant, and of one Chris W. Minnick. Appellant testified that on the evening in question, "I said to Mr. Heide, 'It is seven o'clock; go off your watch, your time is up.' He said 'I am in no hurry.' He came to me and said, 'Give me the keys; I want to turn on the switch; turn on that light—side light,' and I said to him, 'John, I will do this myself, let it alone,' and he came a second time. Then I warned him. I said, 'Do you know all about it—about turning on that sign?' He said 'Yes.' I said, 'Do you know about the coal hole being there?' He says, 'Yes.' I then gave him the key and I warned him

again.   I said, 'Be careful, look out for the coal hole,' and he said, 'I know all about it.' ''

Chris W. Minnick: ''I heard Mr. Schubert say to Mr. Heide, 'John, go to your supper,' and Mr. Heide came to the table where we were sitting and said to Mr. Schubert, 'Mr. Schubert, give me the key and I will turn on the electric switch.' Mr. Schubert said, 'No, John, you go to supper and I will do that myself.' Mr. Heide came back the third time asking for the key. Mr. Schubert said something like this: 'If nothing else will do you, here are the keys, but be careful.' Mr. Schubert gave him the key and Mr. Heide went to the rear.''

As to appellee's familiarity with the premises, he testified he walked through the saloon and another room and out on to the back porch, where, underneath the stairway there was a box built in which the switch was located, and that he had never been there before. Upon cross-examination he stated he had seen the door all the time during the five months he had worked there, but it was all the time locked and never saw it open, and never saw them put coal in there. He did not know there was any meter inside the door. He testified there was a basement underneath the floor where the porch was, and that he used to go down there, though he never had anything to do with the furnace and never was in that part where the furnace was.

As opposed to this was the testimony of the appellant that he had seen Heide in the basement attending to the furnace, and that Heide had actually seen coal put in through the door, and appellant himself had seen Heide open the door, and had known of his being present when the coal was being put in. He testified also, that he knew of his own knowledge that Heide had opened the door out there for the men to read the electric meter.

One Aloysius Smith testified for appellant, that Heide often went into the basement, and back into that portion of it where the furnace was, and also into the coal hole, and that Heide knew there was no stairway in the coal hole.

It further appears from the record that one Edward A. Schubert, a son of, and a witness for appellant, testified, that he had seen Heide in the basement on numerous occasions; that in the early part of April he saw Heide in his father's saloon, talking with his father, and he testifies: "I heard him ask my father to take him back, and that it was his own fault that he was injured."

Appellant Schubert, testified as to this, "When Minnick and I were carrying Heide up out of the basement just after the accident, I said, 'John, I told you to look out for that hole,' and he said, 'I know it, but forgot all about it.'"

Chris W. Minnick testified (speaking of what took place immediately after the accident, when he helped carry Heide upstairs), in response to the question—"What was said, if anything, by Mr. Heide to Mr. Schubert, if anything, at that time?" "Mr. Heide said, 'Yes Mr. Schubert, but I forgot about the coal hole.'"

Appellee, however, denied each and every of these various statements and testified directly to the contrary.

It is well settled that this court should reverse a judgment where it appears that the verdict upon which the judgment is based is against the clear weight and preponderance of the evidence. The test is that judgment should be reversed when it is clear that the party holding the burden of proof has not established his case by a preponderance of the evidence. Donelson v. E. St. L. R. R. Co., 235 Ill. 625-9; Ill. C. R. R. Co. v. Cunningham, 102 Ill. App. 206-8; Seigmund v. Strackbein, 140 Ill. App. 454.

Where the uncorroborated testimony of the plaintiff is directly contradicted by the testimony of the defendant and two other witnesses in a material matter, the judgment cannot stand, for, under such conditions, the plaintiff fails to make out his cause by such preponderance of evidence as the law requires. Seigmund v. Strackbein, *supra;* Wolf v. Scully, 151 Ill. App. 263; Alexander v. Potts, 151 Ill. App. 587.

In the light of the testimony before the jury, and especially of that portion to which we have expressly referred we think it clear that the plaintiff failed to establish his case by a preponderance of the evidence, and it, therefore, becomes our duty to reverse the judgment of the court below.

In addition to what has been said, we are forced to the conclusion, from the testimony of the plaintiff himself, that he was not in the exercise of ordinary care at the time of the accident, and that, therefore, he cannot recover in this case. Upon this phase of the case, the plaintiff testified upon the trial as follows:

"When I opened the door (the door to this coal hole) there was *no light* in there and *no windows.* I had *never* been there before. I opened the door—unlocked the door with the key and I *felt* for the keyhole, because it was *dark,* and I unlocked the door; so it was *dark* in there and I didn't know exactly where the switch was what we turned on the light with; so I *felt around* with my left hand, *all around there;* so I couldn't find it; so I made *another* step and I stepped into the hole and went down, fell down on the coal. I *never knew what the door was for.* I *never* asked anybody what the door was for while I was there working." Ab. pp. 16 and 19; Rec., 67 and 84.

In Casey v. Adams, 137 Ill. App. 404, the court says: "The burden of proving that deceased was not guilty of contributory negligence was upon the plaintiff in error. * * * Upon these facts, about which there is

no controversy, it is impossible to conclude that deceased was exercising due care. On the contrary the natural and common sense conclusion is that he was negligent and that his negligence contributed to the injury.''

In Jorgenson v. Johnson Chair Co., 67 Ill. App. 80, the court says: ''The shipping room through which the shaft ran was not a part of the territory where she worked, it was not lighted at night, and in venturing into this, as she claims, to her, unfamiliar part of the building, and groping about in the dark in a chair factory, the plaintiff was not exercising ordinary care.''

In Kammerer v. Gallagher, 58 Ill. App. 561, the court says: ''Without any precaution, he walked into the passage, which was dark, and by reason of some break in the steps, fell, and has recovered for the injury alleged to have been sustained by the fall. The law of this state has, after a long deviation, returned, and now holds 'as a condition to recovery by the plaintiff that the person injured be found to be in the exercise of ordinary care for his own safety.' ''

See also Bentley et al. v. Loverock, 102 Ill. App. 166; Swift & Co. v. McInerny, 90 Ill. App. 294; Reed v. Maniere, 124 Ill. App. 127.

In the light of the views thus expressed, it becomes our duty, not only to reverse the judgment of the court below, but to enter a judgment here against the appellee upon a finding of fact.

*Judgment reversed with a finding of fact.*