(No. 4808)

MARIE HALLOWAY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 12, 1960.*

ZWANZIG, THOMPSON AND LANUTI AND ALEXANDER T. BOWER, Attorneys for Claimant.

LATHAM CASTLE, Attorney General; SAMUEL J. DOY, Assistant Attorney General, for Respondent.

WHAM, J.

Claimant, Marie Halloway, received injuries to her person when the automobile driven by her husband, in which she was riding as a passenger, ran into the back end of a snowplow truck operated by the Division of Highways, State of Illinois, which was being used to spread cinders on U. S. and State Route No. 52 between Serena and Joliet, Illinois, on February 6, 1956 at 9:30 P. M.

She claims damages in the amount of $7,500.00 by reason of the following allegations of negligence on the part of respondent, as set forth in her complaint:

1. Negligently stopped said truck on the highway.

2. In the alternative, negligently operated said truck at such a slow speed as to constitute danger.

3. Negligently failed to place warning flares along the highway to warn of the truck's presence.

4. Negligently failed to display a red light or lights, or reflectors on the rear of the truck in violation of the statute, and negligently failed to operate a flashing red light warning device on top of the cab of the truck.

The facts pertaining to the happening of this accident are as follows:

On February 6, 1956, at about 9:30 P. M., claimant was a passenger in an automobile, which was being driven by her husband. They were proceeding in an easterly direction on U. S. Route No. 52. The weather conditions that evening consisted of a freezing, misty rain, and the highway was wet and slippery in spots. Visibility was approximately 200 yards. At a point on Route No.

52, approximately 2½ miles east of Serena, Illinois, the automobile, in which claimant was riding with her husband, collided with the rear end of a truck owned by respondent. The truck at the time of the collision was traveling in an easterly direction at about six miles per hour. It was occupied by two men, who were agents of respondent. They were engaged in the spreading of cinders on the highway, and were using a cinder spreader attached to the back of the truck beneath the tailgate.

According to claimant's testimony, the lights, windshield wipers, defrosters and heater on claimant's car were all functioning properly. Claimant's automobile was traveling at approximately 25 to 30 miles per hour at the time of the collision. The truck, as heretofore set forth, was traveling at about six miles per hour. According to claimant, she and her husband, together with their small child, were not conversing at the time of the accident. The husband, however, testified that he and claimant were carrying on a conversation about claimant's mother. They both testified they did not see the truck until they were about 12 or 14 feet from it, at which time they saw a yellow blur. Both witnesses testified that the truck lights were not functioning at the time of the collision.

The truck driver and his helper testified that the truck was equipped with three amber clearance lights on the back of the cab facing to the rear; three amber clearance lights on the cab facing forward; a blue flasher light on top of the cab; a six inch red light on the left front side of the truck box facing to the rear; and two kerosene torches hanging on the cinder spreader. According to the driver, the lights had been checked before the truck was taken out, and again a few minutes before the collision, when they had stopped to check their load of cinders. They were all in operation.

At the time of the collision, the truck bed was elevated about one foot from its normal position. Respondent's witness testified that the elevation of the truck bed at that level did not obscure the clearance lights, the blue flasher, or the six inch red light. Respondent's agents testified that the cinders were spread directly downward, and did not create dust, because they had been treated with chloride.

From a consideration of these facts, we must deny this claim for the reason that claimant has not borne the burden of proving that respondent was negligent in the manner charged in her complaint.

First, the evidence clearly established that the truck was not stopped upon the highway.

Second, her contention that the State truck, while traveling only six miles per hour, violated Sec. 148(a) of the Uniform Traffic Act is not well taken. It reads as follows:

"No person shall drive a motor vehicle at such slow speed as to impede or block the normal and reasonable movement of traffic except when reduced speed is necessary for safe operation of his vehicle or in compliance with law."

The statute relied upon is inapplicable by reason of the terms of the same statute at Sec. 120(e), Ill. Rev. Stats., Chap. 95½, wherein it provides that the Act shall not apply to persons and equipment while actually engaged in work upon the surface of the highway. At the time of this occurrence, it is undisputed that the truck in question was spreading cinders upon the highway.

Third, there was no duty on the part of respondent to place warning flares on the highway, as sub-par. (b) of par. 218, Uniform Traffic Act, provides, "Whenever a motor vehicle of the second division is disabled during a period between sunset and sunrise, flares, lanterns, red

reflectors or other signals shall be lighted and placed upon the highway''. There is no evidence that respondent's truck was disabled at the time of the collision, or that it was standing on said highway. All of the evidence indicates that the truck in question was moving, even though at only six miles per hour. There is no common law duty under these circumstances to place flares on the highway, and obviously the statute was not violated, as a reading of it reflects.

Fourth, with respect to the question of lights, claimant and her husband are in direct conflict with the two witnesses for respondent. These are the only witnesses offered by either side. None of them were impeached. The conflict in the testimony was on a specific and material point. The contradictions cannot be harmonized, nor is there room for construction. Obviously, one or the other of the two sets of witnesses have either testified falsely, or were mistaken. It would be sheer speculation for us to say which is the correct version.

In view of this state of the record, the evidence is evenly balanced on the question of the presence or absence of the lights required by law, and claimant has, therefore, failed to bear the burden of proof on this allegation of negligence.

In *Ackley* vs. *State*, 22 C.C.R. 41, we were confronted with a similar situation regarding the question of burden of proof, when the evidence was in irrevocable conflict. We there reviewed the law on the question, and followed the rule set forth in *Brady* vs. *Chaffee*, 163 Ill. App. 242, which has many times been applied. Quoting from a portion of that decision at page 46 in the Ackley case:

"An affirmative statement by one witness, met by a flat categorical denial by another, of equal credibility, does not meet the elementary requirement of the law that a plaintiff must make out his or her case by a preponderance of the evidence."

Consequently, in view of the fact that claimant has failed to bear the burden of proof placed upon her by the law governing such cases, we must deny her claim.