ANTHONY S. BADGLEY *et al.*

*v.*

AUGUST VOTRAIN.

1. TRUST—*enforcement of voluntary declaration of trust.* Where a trust is *perfectly created*, so that the donor or settlor has nothing more to do, and the party seeking to enforce it has need of no further conveyance from the settlor, and nothing is required of the court but to give effect to the trust as an executed trust, it will be carried into effect, although it was without consideration, and the possession of the property was not changed. But if the transaction is incomplete, and its final completion is asked in equity, the court will not interfere to perfect the settlor's liability without inquiring into the origin of the claim and the nature of the consideration given; and if the undertaking is purely voluntary, the court will not execute it.

| | |
|---|---|
| 68 | 25 |
| 125 | 333 |
| 68 | 25 |
| 32a | 546 |
| 68 | 25 |
| 135 | 24 |
| 68 | 25 |
| 136 | 400 |
| 68 | 25 |
| 140 | 659 |
| 140 | 672 |
| 144 | 619 |
| 40a | 614 |
| 68 | 25 |
| 160 | 156 |
| 68 | 25 |
| 57a | 467 |
| 68 | 25 |
| 165 | 221 |
| 68 | 25 |
| 182 | 297 |
| 68 | 25 |
| 111a | ³571 |

2.   Where a grandfather entered into a written instrument with a grandson, which recited that he had assigned to the latter notes and mortgages to the amount of $12,000, upon the condition that the assignor should retain and receive the interest on the same during his life, the same to be drawn by the grandson before a division of the donor's property, and the grandson to inherit one-third of the rest of his property; and it appeared that an assignment had been written upon a portion of the notes to the grandson, but no delivery was made of any, and that there was no consideration for the undertaking other than the relationship of the parties:   *Held,* on bill by the grandson to enforce the trust and compel a delivery of the notes, that the transfer was incomplete for want of a delivery of the notes and securities, and there being no consideration, the court could not complete the transaction and grant the relief sought.

3.   ASSIGNMENT *of negotiable paper—delivery necessary.* Promissory notes are capable of legal transfer only in the mode prescribed by statute, by indorsement on the back by the payee and delivery. It can not be done by a separate instrument in writing.   An indorsement of a note to another by the payee, without delivery, will not pass the title, and, until delivery, the transfer is incomplete.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

This was a bill in equity, exhibited in the St. Clair circuit court by August Votrain, a grandson of Etienne Deshayes, deceased, who died intestate, leaving complainant and eight other grandchildren his only heirs at law.   These other eight grandchildren, together with the administrator of the intestate's estate, were made parties defendant.   The bill was founded upon and sought to enforce the provisions of the following instrument in writing:

"Know all men by these presents, that I have assigned to August Votrain the sum of $12,000 of my property, which amount he is to draw before my property is divided; and he is to inherit one-third of the rest of my property, which is to be divided into three parts, after my death.   The $12,000 which I have assigned to him consists of $9800 mortgages and $2200 in notes, which I have assigned upon these conditions :

*First*—That I retain said assigned mortgages and notes, and receive the interest thereof during my life.

*Secondly*—That I promise to pay said August Votrain, yearly, $200, the first payment to be made January 1st, 1872, and $200 every year thereafter.

*Thirdly*—These foregoing conditions are expressly understood to be upon the condition that, if the said August Votrain should die before my death, the amount of property so assigned shall revert to me and remain my property as if it had not been assigned to him, and this instrument of writing shall be null and void.

Belleville, Ill., September 6th, 1871.

ETIENNE DESHAYES, [SEAL].

AUGUST + VOTRAIN, [SEAL]."
his mark

C. T. ELLES, witness.

The bill alleges that, March 27, 1871, the intestate was the owner and payee of five several promissory notes for divers amounts, secured by mortgages; that for the purpose of making a gift or advancement to complainant, intestate on that day executed on the back of these several notes and mortgages an assignment, as follows:

"For value received, I hereby assign the within note with mortgage to August Votrain, this 27th day of March, 1871.

ETIENNE DESHAYES."

But there was no proof as to the nature of this transaction or its purpose.

These notes are described and designated in the bill as "Exhibit A." The bill also alleges that, September 6, 1871, intestate was likewise owner of five other promissory notes, payable to him, for divers amounts, which are designated as "Exhibit B.;" these notes had no assignment upon them. Alleges that, at his death, intestate was the owner of other personal property of the value of $1000. Complainant claims, by his bill, that, under the instrument of September 6, 1871, he is entitled to have transferred to him notes and mortgages

to the amount of $12,000, and one-third of the other property of intestate, and prays that the administrator be decreed to transfer and set apart the same.

The defendants filed answers. There was but little testimony taken in the case, the facts having been stipulated: (1.) That the instrument set out was executed in duplicate at the time of its date, one of which was delivered to complainant, but none of the notes or mortgages were ever delivered. (2.) That said instrument was made without any valuable or other consideration except such as might arise from the relationship of the parties. (3.) That there was no assignment upon any of the notes designated in "Exhibit B."

It appears that it would require the transfer of the notes described in "Exhibit B," upon which there were no assignments, to make up the amount of $12,000. It does not appear that there was, in fact, any other property except the notes, or that any provision was made by intestate for any of his other grandchildren. Intestate was about 84 years of age when the instrument in question was made, and died intestate February 14, 1872.

The court below granted the relief prayed, and the defendants bring the case here by writ of error.

Mr. ALONZO S. WILDERMAN, for the plaintiffs in error.

Mr. JAMES M. DILL, for the defendant in error.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

This case is clearly distinguishable from that of *Otis* v. *Beckwith*, 49 Ill. 121, relied on by counsel for defendant in error. In that case the subject matter of the settlement was a policy of insurance upon the life of the settlor, which was not assignable at law. The instrument of assignment contained an express declaration of trust in favor of the donor's three sons. The donor, upon executing it, gave explicit notice of the fact of the assignment and its purpose to both the

assignee and the insurance company. Whereupon the former made a formal acceptance of the trust, and the latter noted the assignment in their books, in accordance with their regulations in such cases. The donor had done everything in his power essential to the completion of the transaction. The delivery of the policy to the assignee was not essential. No further conveyance from the donor was requisite. The trust was perfectly created, and nothing was required of the court but to give it effect as an executed trust.

But the case in hand differs in essential particulars. Here, there is no declaration of trust, and we are satisfied, from a careful examination of the instrument of September 6, 1871, that the donor had no intention of thereby creating the relation of trustee and *cestui que trust* between himself and defendant in error in respect to any fund or choses in action. That instrument is wholly executory in its effect, and, aside from the promise by the donor to pay defendant $200 annually, during the donor's life, it is wholly testamentary in its nature. So far as the provision is concerned, requiring $12,000 to be paid over to defendant out of the donor's estate after his death, and then, that defendant should take one-third of the residue, the instrument purports to be, and is, a mere testamentary disposition of the donor's estate, not executed in conformity with the Statute of Wills, and we would, therefore, be no more justified in inferring an intention on the donor's part to constitute himself trustee, during his life, of the property out of which the $12,000 were to be paid to defendant, than if, instead of this instrument, he had made a will containing the same provision. These propositions we regard as clear and incontrovertible.

If, then, there is the absence of an express declaration of trust *and* of an intention to create one on the part of the donor in favor of defendant, what is the precise nature of the relief sought by defendant, in bringing his bill in the court below? It was to obtain the assistance of a court of equity

to constitute him *cestui que trust* upon this voluntary instrument.

In *Ellison* v. *Ellison,* 6 Ves. 656, Lord ELDON said: "I take the distinction to be that, if you want the assistance of the court to constitute you *cestui que trust,* and the instrument is voluntary, you shall not have that assistance for the purpose of constituting you *cestui que trust,* as, upon a covenant to transfer stock, etc., if it rests in covenant, and is purely voluntary, this court will not execute that voluntary covenant. But if the party has completely transferred stock, etc., though it is voluntary, yet, the legal conveyance being completely made, the equitable interest will be enforced by this court."

In the reliable elementary works, the result of the decisions is stated to be, that, if the trust is *perfectly created,* so that the donor or settlor has nothing more to do, and the person seeking to enforce it has need of no further conveyances from the settlor, and nothing is required of the court but to give effect to the trust as an executed trust, it will be carried into effect, although it was without consideration, and the possession of the property was not changed. But if, on the other hand, the transaction is incomplete, and its final completion is asked in equity, the court will not interpose to perfect the settlor's liability without first inquiring into the origin of the claim, and the nature of the consideration given. Perry on Trusts, sec. 98; Adams' Eq. 6th Am. Ed. 194-5; Lewin on Trusts, 2d Am. Ed. 134, 135; 2 Story's Eq. Jur. sec. 793 a.

In *McFadden* v. *Jenkyns,* 1 Hare, 458, Sir J. WIGRAM, V. C., after citing all of the principal English decisions, made these observations: "There may be difficulty in reconciling with each other all the cases which have been cited. Perhaps they are to be reconciled and explained upon the principle that a declaration of trust purports to be, and is, in form and substance, a complete transaction, and the court need not look beyond the declaration of trust itself, or inquire into its origin, that it may be in a position to uphold and enforce it. Whereas

an agreement or attempt to assign, is, in form and nature, incomplete, and the origin of the transaction must be inquired into by the court; and where there is no consideration, the court, upon its general principles, can not complete what it finds imperfect."

These views of that great judge seem to have been cautiously expressed, but to us they seem to be a complete exposition of the principle which ought to govern in a case like this.

So, in *Beech* v. *Keefe*, 18 Beav. 285, Sir JOHN ROMILLY, Master of the Rolls, quoting from his judgment in *Bridge* v. *Bridge*, 16 Beav. 315, says: "If a person, possessed of stock, execute a declaration of trust of that stock in favor of a volunteer, he would, I apprehend, clearly constitute himself a trustee for the volunteer, and equity would execute the trust and compel a transfer of the stock to the *cestui que trust*. But if the same person executed an assignment of the stock in favor of the volunteer, and no transfer of the stock took place. this, I apprehend, would as clearly be considered to be no more than an imperfect gift, in which the donor had not done all that was in his power to do, and the donee would get no assistance from a court of equity to compel a transfer of the stock."

Now, here, as we have seen, there was no declaration of trust, and the very nature of the instrument precludes the idea of an intention on the part of the donor to create the relation of trustee and *cestui que trust* between him and defendant in error.

The substance of the transaction is, that the donor executed an assignment of $12,000 out of his estate, in favor of a volunteer, and provided for its payment, after his death, out of promissory notes payable to himself, some of which were secured by mortgages upon real estate. These notes were capable of legal transfer, but only in the mode prescribed by our statute, viz: by indorsement on the back by the payee,

and delivery. It could not be done by a separate instrument. *Ryan* v. *May*, 14 Ill. 49; *Fortier* v. *Darst*, 31 Ill. 212.

On five of the notes there had been an assignment written by the payee some six months prior to the instrument of September 6, 1871, but no delivery. The circumstances of that transaction are not disclosed. It was incomplete. The title did not vest in the assignee. On the other notes there was never any indorsement, and there can be no question that the legal interest in all these notes remained in the donor down to and at the time of his death. This bill is brought by the volunteer, to have the court complete what the donor left incomplete, by compelling the transfer to him of the legal interest in these notes. There being no consideration, the court, upon its general principles, can not complete what it finds thus incomplete.

As was said by this court in *Clarke* v. *Lott*, 11 Ill. 115: "The principle is well settled, that a court of equity will not lend its aid to establish a trust at the instance of mere volunteers. If the transaction, on which the voluntary trust is attempted to be established, is still executory or incomplete, the court will decline all interference in the matter."

There was something said in argument by counsel for defendant in error, about there being a meritorious consideration. That might, perhaps, arise in favor of a wife or child, where there is a moral obligation and duty of support on the part of the donor. But here the defendant is a grandchild, and he asks the aid of the court in completing this transaction as against the other grandchildren of the donor, whose claim is equally meritorious. There was an attempt made by plaintiff below to show, by the declarations of the donor, that the other children were provided for, but whatever force there was in that evidence, it was rebutted by the evidence of defendants below.

The decree of the court below will be reversed and the cause remanded.

*Decree reversed.*