## ADAM ROTH

### *v.*

## LOUISA MICHALIS *et al.*

*Filed at Mt. Vernon June 16, 1888.*

125 325
136 401

125 325
140 659

125 325
162 228

125 325
181 62

1. CONVEYANCE—*when a deed takes effect.* A deed or conveyance of land takes effect from its delivery, or not at all. In this respect it differs from a will, which speaks from the death of the testator, and operates on property of the testator then on hand.

2. SAME—*as to certainty required in respect to the property to be conveyed.* A deed made to a trustee, of the undivided half of the real and personal estate the grantor might leave at his death, after the payment of his just debts, in trust for the heirs of the grantor's wife, and which provided that if the grantor should survive his wife the deed should become void, was held inoperative as a conveyance of any property, for uncertainty as to the property the grantor might leave at the time of his death.

3. TRUST—*when the legal title passes to the cestui que trust.* A conveyance of land to one person in trust for another, imposing no act or duty upon the trustee, will, under the Statute of Uses, operate to pass the legal as well as the equitable title to the *cestui que trust.*

4. SAME—*declaration of trust—testamentary disposition.* Where one, for a valuable consideration, attempts to make a conveyance of property to another, and by some casualty or inadvertence the instrument is defective and inoperative as a conveyance, a court of equity will, in a proper case, treat the instrument as a declaration of trust or as a contract for a conveyance, as the circumstances may require.

5. The owner of lands and personal property executed an instrument in writing, which purported to grant and convey to a trustee named, the undivided half part of all the real and personal estate of the maker which he might leave at his death, after the payment of his just debts, to be held by the trustee for the heirs of the maker's wife. The instrument reserved to the maker the absolute control and disposal of the property during his life, and provided that if he should survive his wife it should become void. It was not attested as required by the Statute of Wills: *Held,* that the instrument could not be sustained as a declaration of a trust, but was in the nature of a testamentary disposition, and therefore void for want of proper attestation.

6. SAME—*certainty as to subject matter.* An existing property right in or to some distinct subject matter is essential to the existence of every trust, and any instrument, however perfect otherwise, which fails to disclose this, can not properly be established as a declaration of trust.

Writ of Error to the Circuit Court of St. Clair county; the Hon. Amos Watts, Judge, presiding.

Mr. William Winkelman, for the plaintiff in error:

The consideration of natural love and affection for the wife and her relations, and one dollar, is a good consideration. *Blakely* v. *Hatton*, 3 Dana, 521.

An acknowledgment in a deed that the consideration has been paid, can not be contradicted for the purpose of defeating the conveyance. *Pritard* v. *Brown*, 4 N. H. 397; *McCubbin* v. *Crownvill*, 7 G. & J. 157; *Merriam* v. *Harson*, 2 Barb. Ch. 252.

We contend that upon the execution of the trust deed, and delivery thereof to the grantee, Stolberg, the title to the property then owned and since acquired and possessed by the grantor, was conveyed to the *cestui que trust*, subject to the control and privilege of disposing of the property by the grantor. If the words used in the deed, "I have granted, alienated, released and confirmed, and by these presents do give, grant, alien, release and confirm, unto said Stolberg," etc., do not constitute a complete conveyance, we must confess that we are ignorant of the import and meaning of the language, and are misled. *Shackelton* v. *Sebree*, 86 Ill. 617; *Doe ex dem. McConnel* v. *Reed*, 4 Scam. 117; *Jackson* v. *Fisher*, 10 Johns. 456; *Barrow* v. *Window*, 71 Ill. 214; *Whitam* v. *Brooner*, 63 id. 344; 21 Wend. 120.

That after the deed has been delivered and recorded, the withdrawal and destruction of the same by the grantor, without the knowledge and consent of the *cestui que trust*, has not the effect of re-investing the title to the property in the grantor, we cite *Erwin* v. *Hall*, 18 Bradw. 315; *McCarty* v. *Kearnan*, 86 Ill. 292; *Shaeffer* v. *Fithian*, 17 Ind. 464; 1 Greenleaf on Evidence, sec. 265.

We presume it will be contended by counsel for defendants, that George Heberer, by his will, disposed of all his

property, including the property mentioned in the bill. If such argument is advanced, we reply that Louisa Heberer, the executrix and principal devisee, is estopped from denying what she has in her petition and inventory sworn to, and under her hand and seal deliberately admitted to be true,—to-wit, that "George Heberer died seized and possessed of the property mentioned in the bill." *Trimple* v. *State*, 4 Blackf. 437; *Arnott* v. *Friel*, 50 Ill. 175; *Smith* v. *Whitaker*, 11 id. 417.

Mr. J. M. HAY, Mr. A. S. WILDERMAN, and Mr. J. M. HAMILL, for the defendant in error Louisa Michalis:

The instrument, although in the form of a deed, and using the terms, "give," "grant," etc., was not intended to take effect until the death of George Heberer, is purely testamentary in character and effect, and is ambulatory and revocable. *Badgley* v. *Votrain*, 68 Ill. 25; *Watkins* v. *Dean*, 10 Yerg. 321; *Crary* v. *Rawlins*, 8 Ga. 450; *Kinnebrew* v. *Kinnebrew*, 35 Ala. 628; *Hauser* v. *Moore*, 8 Ohio St. 239; *Gage* v. *Gage*, 12 N. H. 371; *Hester* v. *Young*, 2 Kelly, 31.

A voluntary donor, whether he undertakes to convey the property directly to the beneficiary, or to another in trust for him, must do all in his power to pass the title to the property which is the subject of the transaction, to the donee or trustee, and to divest his own title and possession, or the transaction will remain incomplete and executory. *Badgley* v. *Votrain*, 68 Ill. 25; *Young* v. *Young*, 80 N. Y. 422; *Milroy* v. *Lord*, 4 DeG., F. & J. (65 Eng. Ch.) 264; *Bridge* v. *Bridge*, 16 Beav. 315, (13 E. L. and Eq. 496); *Marler* v. *Tommas*, L. R. 17 Eq. 8, (7 Moak, 636); *Beech* v. *Keep*, 18 Beav. 285; *Richards* v. *Delbridge*, L. R. 18 Eq. 11, (9 Moak, 669); *Heartley* v. *Nickolson*, L. R. 19 Eq. 233; *Warriner* v. *Rogers*, L. R. 16 Eq. 340, (6 Moak, 781); *Jones* v. *Lock*, L. R. (1 Ch. App.) 25; *McFadden* v. *Jenkins*, 1 Hare, 458; *Antrobus* v. *Smith*, 12 Ves. Jr. 39; *Edwards* v. *Jones*, 1 M. & C. 226; *Price* v. *Price*, 8 E. L. and Eq. 27; *Dillon* v. *Coppin*, 4 M. & C. (18 Eng. Ch.) 647.

The legal owner of real or personal property may make a voluntary disposition of it by first making a complete conveyance of it to the donee, sufficient to pass the legal title; or, second, conveying it in the same manner to a third person to hold in trust for the *cestui que trust*; or, third, by declaring himself as holding it in trust for the donee.  But where the donor has the legal title, and the property is of such a nature that a legal estate can be transferred,—that is, land, chattels, money, and some species of things in action,—an imperfect conveyance or assignment, which does not pass the legal title, will not be aided or enforced in equity.  In such a case, the donor has not done all in his power to complete the transaction. *Badgley* v. *Votrain*, 68 Ill. 25; *Marler* v. *Tommas*, L. R. 17 Eq. 8, (7 Moak, 63); *Milroy* v. *Lord*, 14 DeG., F. & J. 264; *Mitchell* v. *Smith*, 4 DeG., J. & S. 422; 2 Pomeroy's Eq. Jur. secs. 997, 998, and notes.

There was no legal obstacle in the way of George Heberer, who was the legal owner, divesting himself of the title and possession of all the property, personal and real, and investing the trustee with both the title and possession, but the instrument of November 5, 1867, was entirely incapable of passing the title of the personal property, which consisted chiefly of stocks, notes and moneys, to the trustee, unless it was accompanied by a delivery of the property to the trustee, and was, therefore, a mere covenant or promise to give this property. In other words, the donor had not done all in his power to complete the transaction, and it is therefore purely executory, if treated as a conveyance in trust.  *Badgley* v. *Votrain*, 68 Ill. 25; *Ryan* v. *May*, 14 id. 49; *Fortier* v. *Darst*, 31 id. 212; *Milroy* v. *Lord*, 14 DeG., F. & J. 264; *Marler* v. *Tommas*, L. R. 17 Eq. 8, (7 Moak, 636); *Bridge* v. *Bridge*, 16 Beav. 315; *Meek* v. *Kettlewell*, 1 Hare, 474; *Young* v. *Young*, 80 N. Y. 422; *Searle* v. *Law*, 15 Sim. 95; *Ward* v. *Audland*, 8 Beav. 201; *Bentley* v. *McKay*, 12 id. 12; *Edwards* v. *Jones*, 1 M. & C. 266; *Scales* v. *Munde*, 6 DeG., M. & G. 43.

The instrument does not create in the donor a life estate in express terms, but it does create in or reserve to him the absolute, unrestrained power to dispose of the property in such manner and to such uses as he might see proper, and so left in the donor the absolute fee and ownership of the property. *Fairman* v. *Beal*, 14 Ill. 244; *Funk* v. *Eggleston*, 92 id. 515; *Jackson* v. *Bull*, 10 Johns. 19; *Jackson* v. *Robbins*,16 id. 537; *Ide* v. *Ide*, 5 Mass. 500; *Bowen* v. *Dean*, 110 id. 438; *Jackson* v. *Coleman*, 2 Johns. 391; *Kimball* v. *Sullivan*, 113 Mass. 345; *Helmer* v. *Shoemaker*, 22 Wend. 137.

Mr. W. C. KUEFFNER, for the other defendants in error.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

This writ of error is prosecuted to reverse a decree of the circuit court of St. Clair county, dismissing, on the hearing, a bill in equity filed by the plaintiff in error, against the defendants in error. The object of the bill is to subject an undivided half of the estate of George Heberer, after the payment of debts, to an alleged trust.

The facts disclosed by the bill and established by the proofs are, in substance, these: In the year 1867, and prior thereto, George Heberer, and his wife, Sarah, were living in Belleville, St. Clair county. George was then the owner of property, real and personal, to the amount of about $20,000. Sarah was a widow, and the owner of some property, when George married her. He had nothing, though he proved to be a quite thrifty, successful business man. Neither of them had any children or descendants of children. On the 5th day of November, 1867, George Heberer executed and delivered to John M. Stolberg the following instrument:

"*Know all men by these presents*, That I, George Heberer, of Belleville, St. Clair county, Illinois, for and in consideration of the love and affection which I bear to my wife, Sarah Heberer, and to her relations, and also in the sum of one dollar to me

paid by John M. Stolberg, trustee, for the purpose hereinafter set forth, at and before the ensealing and delivery hereof, the receipt whereof I do hereby acknowledge, have given, granted, released and confirmed, and by these presents do give, grant, release and confirm, unto the said John M. Stolberg, trustee, the undivided half part ($\frac{1}{2}$) of my real and personal estate, claims, money and demands, which I may leave at the time of my death, after the payment of all my just debts. To have and to hold the said undivided half of my real and personal estate, money, claims and demands which I may leave at the time of my death, after the payment of my just debts, in trust for the heirs of my wife, the said Sarah Heberer: *Provided, however,* if I, the said George Heberer, should die before my wife, the said Sarah Heberer, then and in that case this deed is to be null and void, and of no effect: *And provided, also,* that I hereby reserve to myself the absolute and free control and disposal of all my real and personal estate, claim, money and demands during my lifetime.

"In witness whereof, I, the said George Heberer, have hereunto set my hand and seal, this the 5th day of November, A. D. 1867. GEORGE HEBERER. [seal.]"

Stolberg at no time ever exercised, or attempted to exercise, as trustee or otherwise, any authority or control over the property owned by Heberer at the date of the instrument or which he subsequently acquired, and the evidence shows that Heberer continued to exercise the same dominion and control over it after the making of the instrument that he did before. Thus, on the 26th of February, 1868, Heberer and his wife executed a deed for lot 46, on Richland street, in Belleville, to John B. Willie, which was owned by Heberer at the time of the conveyance to Stolberg, the consideration, as expressed in the deed, being $3350. Shortly after the conveyance to Stolberg, Heberer and his wife moved from Belleville to Freeburg, a village in the same county, where they lived together up to the time

of her death, which occurred on the 1st day of September, 1878. She died intestate, leaving the following nephews and nieces as her next of kin, and, with the exception of her husband, her only heirs-at-law, namely: Maria Gotshall, Pauline, Louis and Christopher Wiegand, Maria Westenberger, and Adam Schrodt, defendants in error, and Adam Roth, plaintiff in error. About three months after her death, George Heberer married Louisa Krampert, now Louisa Michalis. On the 24th day of August, 1885, George departed this life, testate. By his will, which was duly admitted to probate, he gave to his wife his entire estate, with the exception of two small legacies, amounting to $55 only, and nominated her as his executrix. On the 15th day of December, 1885, his widow intermarried with the defendant in error Louis Michalis. It appears that of the personal assets belonging to the estate, there is now on hand $6841.18. Also the following real estate: Lot 29, Abend's third addition to Belleville, valued at $1500, and lot 11, village of Freeburg, valued at $1200.

The theory of plaintiff in error is, that by virtue of Heberer's deed to Stolberg, a present interest in all the former's property, real and personal, passed at once, upon its delivery to the latter, to be held by him for the use of Mrs. Heberer's heirs, to take effect in possession upon Heberer's decease. It is clear enough, that unless this view can be maintained the court below very properly dismissed the bill. There seem to us, however, insuperable objections to the theory of the bill, which counsel for the heirs of Mrs. Heberer have not so much as alluded to. The instrument, it will be observed, does not, as counsel assume, purport to convey an undivided half of the property which he then owned, but, on the contrary, only that which he might "have at the time of his death, after the payment of all his just debts." What portion of the effects he then owned, if, indeed, any at all would be on hand at the time of his death and thus brought within the terms of the grant, was, at that time, as is manifest, a matter of pure conjecture. This

being so, it is clear that no present estate or interest in the property then owned by him could have passed by this deed, and it therefore follows, as a legal sequence, that the instrument in question, considered as a conveyance, was and is simply void. This conclusion rests upon the fundamental principle that a deed takes effect upon its delivery, if at all. (*Cline et al.* v. *Jones et al.* 111 Ill. 563.) Had the instrument in question been a will, there would have been no difficulty in the case, for a will speaks only from the death of the testator, and operates on property then on hand.

Suppose, however, it be assumed, for the purposes of the argument, that the legal estate in the property passed, by virtue of the deed in question, to Stolberg upon its delivery, as is claimed by counsel, could the trust theory of the bill be maintained? It is not perceived how it could be, so far as the real estate is concerned. As respects it, the deed clearly does not contemplate a trust of any kind, notwithstanding the term "trust" is used in it. It will be noted that no act or duty to be performed by Stolberg, in respect to the property, is enjoined or pointed out. Leaving out of view the objection stated, it is simply a conveyance to one person in trust for others, and in this respect presents the clear case of an executed use instead of a trust. It is a familiar rule, that where a conveyance is made, either for life or in fee, to one person for the use of another, the latter will take, under the Statute of Uses, the legal estate. The same construction follows where the word "trust" is used, instead of the word "use." Thus, by a conveyance to A in trust for B, the latter takes both the legal and equitable estate, and A takes nothing. If the instrument under consideration had simply conveyed a specifically described piece of land to Stolberg *in trust* for the heirs of Mrs. Heberer, all the other provisions of it remaining as they are, Heberer would have taken an estate for life, by way of resulting use, and the heirs of Mrs. Heberer, upon his decease, would have taken the legal as well as equitable estate in remainder ex-

pectant upon the determination of his life estate. This being so, their remedy would be at law, and not in equity. The hypothetical case here put, and the observations made upon it, must be understood as a mere argument to show that in no event, so far as the real estate is concerned, can the present bill be maintained upon the theory that the property sought to be recovered is a trust estate.

It is urged by counsel, however, that conceding the deed to be void as a conveyance, it may nevertheless be given effect as a declaration of trust. It is unquestionably true, that where one, for a valuable consideration, attempts to make a conveyance of property to another, and by some casualty or inadvertence the instrument is defective and inoperative as a conveyance, a court of equity will, in a proper case, treat the instrument as a declaration of trust, or as a contract for a conveyance, as the circumstances may require. But this doctrine has no application to a case like the present, where an essential element of the trust is wanting. An existing property right in or to some distinct subject matter is essential to the existence of every trust, and any instrument, however perfect otherwise, which fails to disclose this, can not properly be established as a declaration of trust. We regard the instrument under consideration in the nature of a testamentary provision, and it was so treated by all the parties. The so-called trustee never attempted to exercise any control over the property of Heberer, and, as we have already seen, the latter exercised the same dominion over it after the conveyance that he did before it. Of course, the instrument can not be given effect as a testamentary disposition, for the reason it has not been so executed as to entitle it to probate, and give it effect as such. *Badgley* v. *Votrain*, 68 Ill. 25.

The complainant set up in the bill an alleged agreement between Heberer and his wife, by which the latter was induced to relinquish her right of dower in certain real estate belonging to her husband, as the consideration for the deed to Stolberg.

The proofs wholly fail to sustain the bill in this respect. But in the view we take of the case, the proof of that charge would not have changed the result. The authorities cited by counsel for plaintiff in error we do not regard as in point.

The decree will be affirmed.

*Decree affirmed.*