OLLIE MOULD *et al.* Defendants in Error, *vs.* ARTHUR W. ROHM *et al.* Plaintiffs in Error.

*Opinion filed February 20, 1913.*

1. DEEDS—*what is essential to constitute a deed to land.* To constitute a deed to land apt words must be used which operate to transfer presently from a grantor to a grantee the title to specific property.

2. SAME—*when instrument is not valid as a deed.* A written instrument which is an attempt by the owner of land to convey to her adopted daughter such of the described property as the owner might own and possess at her death, and not to presently convey any specific property that she then owned, is void as a deed. (*Roth v. Michalis,* 125 Ill. 325, approved.)

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding.

D. J. SULIVAN, for plaintiffs in error.

BARTHEL, FARMER & KLINGEL, and SCHAEFER & KRUGER, for defendant in error Ollie Mould.

Mr. JUSTICE COOKE delivered the opinion of the court:

Louisa Rohm died intestate at her home in East St. Louis on November 24, 1910, seized of real estate in St. Clair county and in the State of Colorado, and leaving her surviving plaintiffs in error, William L. Rohm, her husband, and Arthur W. Rohm, her only child and heir-at-law. Thereafter Ollie Mould, one of the defendants in error, filed her bill in the circuit court of St. Clair county for the partition between herself and said Arthur W. Rohm of all the real estate of which the said Louisa Rohm died seized, claiming title to an undivided one-half thereof under and by virtue of an alleged deed executed by Mrs. Rohm (then Louisa Strecker) January 2, 1899. The various tenants of the said real estate and the trustee in a trust deed were made parties defendant, together with plaintiffs

in error. A guardian *ad litem* was appointed for Arthur W. Rohm, and he and William L. Rohm answered the bill, the answer of the latter denying the execution, delivery and validity of the alleged deed. The cause was referred to the master in chancery, who reported finding the facts as alleged in the bill and recommending that partition be decreed. Exceptions to the master's report were overruled and a decree for partition was entered. William L. Rohm, in his own right and as guardian of his son, Arthur W. Rohm, has sued out this writ of error to review that decree. As Ollie Mould is the only one of the defendants in error who is defending here, she will hereinafter be referred to as defendant in error.

Plaintiff in error William L. Rohm was the second husband of the said Louisa Rohm, her first husband being Dr. C. F. Strecker, who died November 26, 1894. In 1886 defendant in error, who was then about six years of age, was taken into the Strecker family as a member thereof and continued to reside with Dr. and Mrs. Strecker until the death of the former and then continued to reside with Mrs. Strecker. In April, 1899, Mrs. Strecker was married to plaintiff in error William L. Rohm. Said Arthur W. Rohm was born September 14, 1902. Defendant in error continued to reside with Mrs. Rohm and her husband until 1907, when she was married to one Nester. Shortly thereafter, having secured a divorce from Nester, she returned to the Rohm home and remained there until November, 1909, when she married Thomas R. Mould.

The original of the alleged deed which it is claimed was executed by Mrs. Rohm (then Louisa Strecker) on January 2, 1899, was not introduced in evidence, as it was claimed the same had been lost or destroyed, but a copy of the same was produced, proven and introduced in evidence.

A number of grounds for the reversal of the decree for partition are urged, among them being, that the alleged deed was not, in fact, executed or delivered by Louisa Strecker;

that the proof that the instrument offered in evidence was a true copy of the alleged deed is insufficient, and that the instrument is not valid as a deed. Each of these points is strongly argued, but in the view we take of the matter it will be necessary to discuss but one of them.

The instrument by which defendant in error claims the real estate involved was conveyed to her, and which she claims is a valid deed, is as follows:

"This agreement, made this second day of January, one thousand eight hundred and ninety-nine, between Mrs. Louisa Strecker, widow of Dr. Christ F. Strecker, and Ollie Meyer, their adopted daughter, known as Ollie Strecker, all of the above named parties residing in the city of East St. Louis, county of St. Clair and State of Illinois, witnesseth:

"That the said Louisa Strecker is desirous to make a provision and settlement for the benefit of her daughter, Ollie Meyer, of her entire property, real, personal and mixed, which consists chiefly of the following, to-wit: Lots 5 and 6 in block 71 of the platted town of East St. Louis; blocks 262 and 265 of the platted town of East St. Louis; lot 32, block 16, of the platted town of Illinois City, now East St. Louis; lots 10 and 11, block 175, of the platted town of East St. Louis, all in St. Clair county, State of Illinois; and the south-east quarter section 11, township 37, north, range 8, east of the New Mexico principal meridian, containing 160 acres, and the north-east quarter section 30, township 39, north, range 9, east, containing 160 acres, in Rio Grande county, in the State of Colorado. Reserving the right to sell any of said above mentioned property for the purpose of making improvements on other parts, and with the distinct understanding that should I, the said Louisa Strecker, die leaving issue, said issue shall take and share jointly with the said Ollie Meyer as owners in any of the above described property that I, the said Louisa Strecker, shall own and possess at my death. Therefore, I, Louisa Strecker, in consideration of the covenants on the part of the said Ollie Meyer hereinafter contained, doth covenant and agree to and with the said Ollie Meyer, thereby giving, bequeathing and conveying to my daughter, Ollie Meyer, at my death, all of the property, real, personal and mixed, that I, Louisa Strecker, shall own and possess, in compliance with the declaration made by my deceased husband and myself at the time my daughter, the said Ollie Meyer, was taken and adopted into our family, and in consideration of the sacrifices, labors, services, duties and kindnesses performed by my daughter, Ollie Meyer, for my deceased husband and myself, and upon the continuance of said services towards me, the said Louisa Strecker, as a faithful, loving

and affectionate daughter, comforting me, the said Louisa Strecker, and performing no act on her part to bring me, the said Louisa Strecker, into disgrace, then my said daughter, Ollie Meyer, is to have and to own said property as her own forever, subject to the reservations above set forth.　And the said daughter, Ollie Meyer, in consideration of the covenants on the part of her mother, Louisa Strecker, as above set forth, doth covenant and agree to and with the said Louisa Strecker, that she, the said Ollie Meyer, will perform said obligations and render towards her mother, the said Louisa Strecker, whatever service she may demand or require of her, the said Ollie Meyer, as an affectionate, faithful and loving daughter, and performing whatever service, duty and labor she, the said Ollie Meyer, can to assist and comfort the said Louisa Strecker, and endeavor to the best of her ability to perform no act of any kind to bring her, the said Louisa Strecker, into disgrace.

"In witness whereof we have hereunto set our hands and seals this day and year as above set forth.

(Seal)　　　　　　　　　　　　　　LOUISA STRECKER,
(Seal)　　　　　　　　　　　　　　OLLIE MEYER.

"Signed, sealed and delivered in the presence of

George Landwehr,
Laura Landwehr,
*Witnesses."*

Plaintiffs in error contend that this instrument was not intended as a present conveyance of real estate, and that the instrument is void as a deed because the conveyance, if any, is of all the property that the grantor shall own at the time of her death. Treating it as a deed, we concur in this construction of the instrument. While it is not required that a deed be in any particular form, apt words must be used which operate to transfer presently from a grantor to a grantee the title to specific property. In this instrument there is named a grantor, a grantee and a consideration, and there are apt words of conveyance. There is a granting clause and an *habendum,* but there is nothing in the instrument which operates as a present conveyance of title to real estate which is known or may be ascertained. The first part of the instrument immediately following the description of the parties is a mere recital of the desire of Mrs. Strecker, as she expresses it, to make a provision and settlement for the benefit of defendant in error, and it is

not stated that the real estate therein described comprises all the real estate that Mrs. Strecker owned at that time, nor does the instrument anywhere pretend to convey this particular real estate. That part of the instrument which must be denominated the granting clause, if it be regarded as a deed, is as follows: "Therefore, I, Louisa Strecker, in consideration of the covenants on the part of the said Ollie Meyer hereinafter contained, doth covenant and agree to and with the said Ollie Meyer, thereby giving, bequeathing and conveying to my daughter, Ollie Meyer, at my death, all of the property, real, personal and mixed, that I, Louisa Strecker, shall own and possess." This does not refer back to the property described in the earlier part of the instrument and is in nowise connected with it, but is a grant only of such property, real, personal and mixed, as Louisa Strecker shall own and possess at the time of her death. No present estate or interest in any of the property then owned by Mrs. Strecker could pass by this provision. This construction is not affected when this provision is construed together with any other part of this instrument, but, on the contrary, each clause of the instrument tends to confirm the theory that it was the intention of Mrs. Strecker to convey title only to such property as she might own and possess at the time of her death. It will be noted that Mrs. Strecker regarded it as unnecessary to particularly describe all the property which she then owned, and that she refers to her property as then consisting "chiefly" of certain described lands.

The reservation in the recital part or inducement of the instrument of the right to sell any of the lands therein described indicates an intention not to convey a present interest in the property, and the further recital that should Mrs. Strecker die leaving issue such issue should take and share jointly with defendant in error is an indication that she was not intending this instrument for a deed,—an instrument by which she could not convey title to one not

then in being.  Considering the instrument as intended for a deed, this language indicates an intention not to make a present conveyance of property, as it expresses an intention to convey to defendant in error a joint interest with the unborn children of Mrs. Strecker in such of the property therein described as she should own and possess at the time of her death.

This instrument does not purport to convey any property which Mrs. Strecker then owned, but, if it was intended for a deed, was an attempt to convey to defendant in error such property as Mrs. Strecker might own and possess at the time of her death, and is therefore void.  In thus construing the instrument we are not unmindful of the rule that a written instrument shall be so construed, if possible, as to give effect to all of its provisions, and that the provisions of a deed are to be most strongly construed against the grantor.

The language employed in this instrument shows a clear intention that title was not to be transferred presently or upon delivery.  This was not a present conveyance of the property with a reservation of a life estate in the grantor, as defendant in error claims, and the cases cited in support of this contention are not in point.  In each of those cases where the right of possession was postponed or where the deed provided it was not to take effect until the death of the grantor there was a present conveyance of title to certain described real estate, and it was held in each case that the effect of the deed was to reserve a life estate in the grantor.  Here the intention to presently convey the property the grantor then owned, or any specific property, is not only entirely lacking, but the intention is clearly expressed to convey only such property as the grantor might own at the time of her death.

In *Roth* v. *Michalis*, 125 Ill. 325, the question of the validity of a deed which conveyed all of the real and personal estate of the grantor "which I may leave at the time

of my death" was presented to us and we there held the deed void. In discussing this question we there said: "The instrument, it will be observed, does not, as counsel assume, purport to convey an undivided half of the property which he then owned, but, on the contrary, only that which he might 'have at the time of his death, after the payment of all his just debts.' What portion of the effects he then owned, if, indeed, any at all would be on hand at the time of his death and thus brought within the terms of the grant, was at that time, as is manifest, a matter of pure conjecture. This being so, it is clear that no present estate or interest in the property then owned by him could have passed by this deed, and it therefore follows, as a legal sequence, that the instrument in question, considered as a conveyance, was and is simply void. This conclusion rests upon the fundamental principle that a deed takes effect upon its delivery, if at all.—*Cline* v. *Jones*, 111 Ill. 563." What was there said is applicable to the instrument under consideration here when treated as a deed, as the attempted conveyance here is the same as by the instrument in that case.

The only question presented for our determination by this record is whether this instrument constitutes a valid deed of conveyance. It is in form a contract, but as its validity as a contract is not in question we express no opinion on that subject. It is conceded that unless it is valid as a deed defendant in error is entitled to no relief under her bill for partition. As the instrument is void as a deed defendant in error has no title to any of the real estate in controversy.

The decree of the circuit court is therefore reversed and the cause remanded, with directions to dismiss the bill for want of equity.

*Reversed and remanded, with directions.*