(No. 12326.—Reversed and remanded.)

THE SOUTH PARK COMMISSIONERS, Defendant in Error,
*vs.* THE CHICAGO CITY RAILWAY COMPANY, Plaintiff
in Error.

*Opinion filed February 20, 1919.*

1. MUNICIPAL CORPORATIONS—*the streets of a city are under control of city council.* The streets of a city are under the control of the city and its powers in respect thereto are exercised by the city council.

2. SAME—*South Park Commissioners have no power to permit or prohibit construction and maintenance of a street railway.* The power to grant permission for the construction and maintenance of a street railway in the streets of the city of Chicago is exclusively in the city council, and the South Park Commissioners have no power either to prohibit or authorize such construction.

3. SAME—*South Park Commissioners and city of Chicago have concurrent jurisdiction over street intersections.* The city of Chicago and the South Park Commissioners have concurrent jurisdiction over the intersections of public streets with boulevards in the sense that each exercises authority in the same territory, but the jurisdiction of the city is for the use of the intersection as a public street while that of the commissioners is for its use as a boulevard and pleasure driveway.

4. SAME—*what regulations may be imposed by the South Park Commissioners as to street intersections.* The South Park Commissioners of the city of Chicago, at the intersections of its boulevards with the public streets, may exercise the police power in every particular relating to the preservation and use of the intersections for boulevard purposes and may compel compliance with all such regulations by suitable penalties.

5. SAME—*authority to make contracts for use of streets is not part of police power.* The power to fix by contract the conditions upon which a street railway company may occupy a street is separate and distinct from the police power, which is neither involved in nor surrendered by a grant for the use of the street.

6. SAME—*when South Park Commissioners cannot require a street railway company to pave street intersections.* The South Park Commissioners of the city of Chicago cannot, by ordinance, require a street railway company to pay for paving the intersections of boulevards in the park system with streets over which the city council has authorized the company to lay its tracks upon prescribed conditions.

7. SAME—*when acceptance of ordinance by street railway company does not estop it to insist on want of consideration.* The acceptance by a street railway company of an ordinance of park commissioners requiring the company to pave street intersections, and assuming, as consideration therefor, to allow laying tracks across park boulevards on streets over which the city council has authorized the company to lay its tracks, does not estop the company to insist on want of consideration for the contract when sued by the park commissioners to recover the cost of such paving.

8. JURISDICTION—*jurisdictions cannot be conflicting.* It is of the essential nature of jurisdiction that two authorities cannot exercise power in the same territory over the same subject at the same time and for the same purpose.

9. CONTRACTS—*contract without consideration is unenforcible.* A consideration of some sort is necessary to forming a contract, and an agreement to do or pay anything on one side without any compensation on the other is void in law and unenforcible.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding.

HARRY P. WEBER, GEORGE W. MILLER, and ARTHUR J. DONOVAN, for plaintiff in error.

ROY O. WEST, PERCY B. ECKHART, WILLIAM ROTHMANN, and WILLIAM M. KLEIN, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The defendant in error, the South Park Commissioners, brought suit in the municipal court of Chicago against the plaintiff in error, the Chicago City Railway Company, to recover the cost of paving and restoring and repairing pavements outside of the right of way of the defendant in the street and boulevard intersections of Twenty-second street and South Michigan avenue, Thirty-fifth street and South Michigan avenue, Thirty-fifth street and South Park avenue and Forty-seventh street and Grand boulevard. The

plaintiff's claim was based on ordinances granting permission to the defendant to lay its tracks across the intersections upon condition specified in the ordinances that the defendant should do the paving in question and which ordinances were accepted by the defendant. The affidavit of merits alleged that the defendant acquired its right to lay its tracks in the streets and across the intersections from the city council of the city of Chicago and the plaintiff had no power or authority to confer the right, and therefore there was no consideration for the supposed contract alleged to have been created by the acceptance of the ordinances. There was no controverted question of fact and the cause was tried by the court without a jury, mainly upon a stipulation of facts. It was agreed by the stipulation that the plaintiff is a municipal corporation created by an act approved February 24, 1869, and acts amendatory thereof and supplementary thereto, and having charge of a park system; that the defendant is a street railway corporation organized under an act approved February 14, 1859, as afterward amended; that Grand boulevard, South Park avenue and South Michigan avenue, including the intersections in question, are under the control of the plaintiff as boulevards and pleasure driveways; that Twenty-second, Thirty-fifth and Forty-seventh streets are, and since prior to 1892 have been, public streets under the control of the city of Chicago; that prior to April 15, 1907, the defendant constructed, maintained and operated street railways across the intersections under valid city ordinances; that the plaintiff at different times passed ordinances granting to defendant the right to construct and operate the double tracks of its railway across the intersections on the condition that the defendant should do paving for which the suit was brought, and in each instance the defendant filed its written acceptance of the ordinance, and that on February 11, 1907, the city council passed an ordinance authorizing the defendant to construct, re-construct, maintain and

operate street railways upon various streets,—among them
Twenty-second, Thirty-fifth and Forty-seventh streets,—on
condition that the defendant should grade, pave and keep
in repair sixteen feet in width of all streets occupied by
double tracks, and the defendant has complied with such
condition, and that the plaintiff, after demand upon the de-
fendant and refusal, did the paving and made the repairs
for which the suit was brought. The total cost of the
paving and repairs was $4097.08. The court found for
the plaintiff as to part of the claim and rejected the bal-
ance and rendered judgment for $1857.20. On appeal to
the Appellate Court for the First District the judgment of
the municipal court was reversed and judgment was entered
for the plaintiff for $4097.08, the total amount of the claim.
This court granted a writ of *certiorari* for a review of the
judgment of the Appellate Court.

The facts not being in dispute, the questions governing
the rights of the parties were whether the ordinances and
their acceptance constituted contracts that the defendant
would do the paving in question; whether, if they consti-
tuted contracts, there was any consideration for the promise
of the defendant, and whether the defendant was estopped
to make the defense interposed. The court held proposi-
tions submitted by the plaintiff answering these questions in
the affirmative as to some ordinances and held the nega-
tive as to other ordinances on propositions submitted by
the defendant. The counsel for defendant in error regard
the rulings of the court on the propositions as contradictory
and irreconcilable, and the plaintiff in error contends that
those held at the instance of the defendant in error were
wrong. The Appellate Court applied the same rules to all
ordinances and rendered judgment for the whole amount
claimed.

The streets of the city of Chicago are under the con-
trol of the city and its powers in respect thereto are exer-
cised by the city council. The defendant has authority by

its charter to maintain and operate street railway lines in the city upon such terms and conditions and with such rights and privileges as the city council may by ordinance· authorize and prescribe. The power to grant permission for the construction and maintenance of a street railway in the streets of the city is exclusive in the city council and the park commissioners have no power or authority either to prohibit or authorize such construction. The city council having the sole power to grant permission to the defendant to lay and operate its tracks in Twenty-second street, Thirty-fifth street and Forty-seventh street and across the streets and boulevards under the control of the plaintiff, fixed the conditions upon which the permission was given and the railway company accepted and performed the conditions. The city and park commissioners have concurrent jurisdiction over the intersections of public streets with boulevards in the sense that each exercises authority in the same territory, but the jurisdiction is for different purposes. It is of the essential nature of jurisdiction that two authorities cannot exercise power in the same territory over the same subject at the same time. (*West Chicago Park Comrs.* v. *City of Chicago,* 152 Ill. 392; *Zeigler* v. *Douglas,* 283 id. 407; *Taylor* v. *City of Fort Wayne,* 47 Ind. 274; *State* v. *Town of Winter Park,* 25 Fla. 371; *King* v. *Pasmore,* 3 T. R. 199; *City of Patterson* v. *Society,* 24 N. J. L. 385; 1 Dillon on Mun. Corp.—4th ed.—184.) The city and park commissioners are of equal power and jurisdiction within the limits assigned to each by the law, and each has an equal right within the areas covered by the intersections but for distinct and different purposes. The jurisdiction of the city is for the use of the intersection as a public street, and the jurisdiction of the park commissioners is for the improvement and maintenance of the intersection for use as a boulevard and pleasure driveway, and the commissioners may impose such reasonable restrictions as will prevent interference with the use of the intersection for

boulevard and driveway purposes. (*Chicago City Railway Co.* v. *South Park Comrs.* 257 Ill. 602; *West Chicago Park Comrs.* v. *City of Chicago,* 170 id. 618.) The power to fix by contract the conditions upon which a street railway company may occupy a street is separate and distinct from the police power, which is neither involved in nor surrendered by grant for the use of the street. (*City of Chicago* v. *Chicago Union Traction Co.* 199 Ill. 259.) The park commissioners may exercise the police power in every particular relating to the preservation and use of the intersections for boulevard purposes, and may regulate speed, prescribe signals and stopping places, require the tracks to be laid in such a way as not to interfere with boulevard uses, compel the defendant to remove snow, dirt and accumulations from the part of the boulevards occupied by its tracks, and compel compliance with all regulations of that character by suitable penalties. There were conditions in some of the ordinances which came within the powers of the park commissioners, but the requirements as to paving did not.

The acceptance of the ordinances by the defendant created a contract relation and constituted contracts to the same extent and with like force as though they had assumed a contract form, but that fact does not determine the question whether any action could be maintained upon the contracts. When it was sought to enforce the contracts the defendant pleaded that there was no consideration for its promises or undertaking, and if that was so no cause of action could arise. The maxim of the common law is, *Ex nudo pacto non oritur actio.* A consideration of some sort is so absolutely necessary to forming a contract that an agreement to do or pay anything on one side without any compensation on the other is totally void in law and a man cannot be compelled to perform it. (2 Blackstone's Com. 445.) A valid and sufficient consideration for a promise upon which a party is sought to be charged is of the essence of a simple contract, and a promise to pave streets

or repair pavements, or any other promise for which there is no consideration, is gratuitous, and, like a promise to make a gift, does not create any legal responsibility. The defendant obtained nothing as a consideration for its promise to pave or repair the pavement of the intersections outside of the sixteen-foot strip. The plaintiff had nothing to give or grant and granted nothing, and a promise of the defendant made by the acceptance of the ordinance was *nudum pactum.*

It may readily be conceded that the acceptance of the ordinances was an admission that the provisions as to paving were reasonable compensation for the privilege of laying down the tracks, but that is of no consequence when it is considered that no privilege was granted.

There is no ground for an estoppel. Aside from the contract there was no duty or obligation of the defendant to pave or keep in repair any part of the street intersections, and any obligation to pave or repair the pavement could only be created by a valid contract, since the duty to improve and maintain the boulevards rests upon the commissioners and not upon the defendant. To say that when there is no consideration for a promise the party making the promise is estopped to set· up the defense because he made the contract, is, of course, inadmissible. The duty resting upon the park commissioners to pave and keep in repair the boulevards, including the intersections, except those parts which the city had required the defendant to pave and keep in repair, lost nothing by the acceptance of the ordinances by the defendant and the defendant gained nothing. The defendant was not concluded by acceptance of the ordinances to insist that there was no consideration for its agreement.

The judgments of the Appellate Court and municipal court are reversed and the cause is remanded to the municipal court.    *Reversed and remanded.*